RYDER, Judge.
Daniel and Sandra Frieslander appeal from a judgment of foreclosure entered in favor of Mary E. Mahon, P.A. We reverse.
Appellee filed a complaint against appellants and Billie J. Frieslander, co-owner with appellant Daniel of the home, seeking to foreclose a mortgage given to secure a promissory note for criminal defense attorney’s fees. Appellants signed a promissory note requiring payment of $10,000.00 plus 9% interest in monthly installments of $207.59. Appellants signed a mortgage containing an acceleration clause on their home to secure the note. The home was titled in the names of Daniel and his former wife, Billie. Daniel had been given exclusive use and possession of the home in a divorce proceeding along with custody of two minor children. After signing of the note on July 10, 1978, appellants began making regular weekly payments to appellee. By March 23, 1979, appellants had paid a total of $3,600.00. Appellants became liable for numerous costs in the criminal action beginning in December of 1978. By March of 1979, the costs totaled over $2,800.00.
Except for a few small payments not important to this appeal, neither party allocated the payments made to the principal indebtedness or to costs. On February 14, 1979, appellee wrote to appellants indicating that all payments made since August had been applied to costs incurred in late December of 1978 and January of 1979. Also on February 14, counsel for appellee wrote appellants declaring the mortgage in arrears, and accelerating the entire principal amount. Appellants subsequently made payments totaling $475.00, and additional payments were rejected by appellee.
At final hearing, appellants were not represented by counsel. The court entered a final judgment of foreclosure of appellant Daniel’s one-half undivided interest, and ordered that interest sold.
When there is no direction for payment to a specific debt by a debtor, the creditor may apply the funds as he desires. Winchester v. Florida Electric Supply, Inc., 161 So.2d 668 (Fla. 2d DCA 1964). But appellee’s belated application of all the payments to costs was not an effective application. The right of a creditor to apply a payment must be exercised at the time of payment, or is otherwise lost. Randall v. Pettes, 12 Fla. 517 (1868). That result is further strengthened below because appel-lee’s attempted allocation was made after a controversy had arisen between the parties, since the mortgage was accelerated by letter of the same date. Battle v. Jennings Naval Stores Co., 74 Fla. 12, 75 So. 949 (1917).
Without any effective allocation by either of the parties of the payments, it became the duty of the court to allocate them. We are unable to determine, nor did the parties suggest, any proper allocation of payments which the court could have made below which would support the judgment of foreclosure. The general rule for allocation of payments is that the court should apply *43 payments to those items that are earliest in point of time and then to an unsecured debt in preference to one that is secured. 24 FlaJur. Payments § 25 (1959). See 60 Am. Jur.2d Payment § 94 (1972). Below, as of December 21, 1978, appellants had made payments of $2,400.00. The total accrued monthly mortgage payments and costs to that date were $2,110.23. Thus as of December 21, appellants had a credit balance of $290.77 with appellee. That credit balance would have to be allocated to the next installments due in the mortgage. 60 Am. Jur.2d Payment § 98 (1972). Thus, the credit balance of December 21 paid the January installment payment on the mortgage and part of the February installment. While appellee’s acceleration letter of February 14 might have been effective to accelerate the debt for a partial delinquency of the February payment due on February 1, the subsequent acceptance by appellee of an additional $475.00 provided more than enough funds to eliminate the delinquency.
Even if ordinary allocation by the court did not produce this result, the court should have first applied all payments to the reduction of the mortgage on homestead property. An exception to the general rule of first applying undirected payments to unsecured debts is recognized by several states to favor allocation of undirected payments toward a mortgage secured by a lien on homestead property over an unsecured debt. Pospishil v. Jensen, 205 Iowa 1360, 219 N.W. 507 (1928); Briggs v. Iowa Savings & Loan Assoc., 114 Iowa 232, 86 N.W. 320 (1901); First National Bank v. Hollingsworth, 78 Iowa 575, 43 N.W. 536 (1889); Holden v. Farwell, Ozmun, Kirk & Co., 223 Minn. 550, 27 N.W.2d 641 (1947); Paschall v. Pioneer Savings & Loan Co., 19 Tex.Civ. App. 102, 47 S.W. 98 (1898). Contra, Andrews v. Kentucky Citizens Building & Loan Assoc., 24 Ky.L.Rep. 966, 70 S.W. 409 (1902). Thus, all payments made below would first be applied to reduce mortgage installments which came due, then to accrued costs. With this allocation, the payments made prior to the attempted acceleration are adequate to keep the mortgage current. Under facts quite similar to those below, we note that the third district has held a homestead mortgage unenforceable. “As a matter of public policy, we determine that a former husband cannot create an enforceable lien on his undivided one-half interest in homestead property by giving his attorney notes secured by mortgages.” Daniels v. Katz, 237 So.2d 58 (Fla. 3d DCA 1970).
The judgment of foreclosure below is VACATED and the case REMANDED for entry of judgment for appellants.
HOBSON, Acting C. J., and DANAHY, J., concur.