458 So.2d 1174 (1984)
Peter MAGEE, John Mahon d/b/a P.J. Cavanaugh's Restaurant, Cross Appellants,
v.
BISHOP SIGNS, INC., Cross Appellee.
BISHOP SIGNS, INC., Appellant,
v.
Peter MAGEE, John Mahon d/b/a P.J. Cavanaugh's Restaurant, Appellees.
Nos. 83-284, 83-2687.
District Court of Appeal of Florida, Fourth District.
November 7, 1984.
Rehearing Denied December 13, 1984.
Stephen F. Radford, Jr., of Cibula, Gaunt & Pratt, West Palm Beach, for appellant.
Harvey Kaufman and Timothy H. Kenney of Kenney, Boswell & Kaufman, West Palm Beach, for appellees.
DOWNEY, Judge.
Appellant, Bishop Signs, Inc., (Bishop) filed a one count complaint to foreclose a mechanic's lien. Appellees, Magee and Mahon (Magee), as owners of the property filed an answer and counterclaim, which among other things contended that the lien slandered appellees' title, it was exaggerated and fraudulent, and the work was deficient. Well over a year after suit was commenced Magee moved to dismiss the amended complaint because the claim of lien was unsigned and the complaint failed to allege Bishop had furnished a contractor's affidavit as required by section 713.06(3)(d)(1). Judgment was entered 1) dismissing the complaint with prejudice for failure to plead the furnishing of the contractor's affidavit, 2) denying the motion to dismiss on the ground the claim of lien was unsigned, 3) discharging the lien and lis pendens, and 4) reserving jurisdiction to award attorney's fees and costs in connection with the discharge of the lien. Bishop *1175 appealed the judgment in Case No. 83-284 and Magee cross appealed, the latter claiming error in not dismissing the complaint based on the ground the lien claim was unsigned. This court dismissed the appeal because the counterclaim involving the same subject matter was still pending. We should have dismissed the cross appeal also because it seeks review of a non-appealable order and is not cognizable without the pendency of the main appeal.
While Case No. 83-284 was pending on the cross appeal Magee obtained a judgment in the trial court awarding the owners attorney's fees of $5,000 based upon a finding that Magee was the prevailing party within the meaning of section 713.29, Florida Statutes (1981). Bishop has appealed that judgment in Case No. 83-2687.
With regard to the judgment for attorney's fees, the award thereof is appropriate if Magee is the prevailing party. Bishop sued in one count to foreclose a mechanic's lien. It did not seek damages for breach of contract in a second count in the event it was unsuccessful in the foreclosure of its lien. Had it done so and failed on the foreclosure count but prevailed on the damages count, Magee would not have been the prevailing party. First Atlantic Bldg. Corp. v. Neubauer Const., 352 So.2d 103 (Fla. 4th DCA 1977). Thus, as matters now stand Magee is the prevailing party vis-a-vis Bishop's lien claim. However, should Bishop successfully appeal the dismissal of its complaint and eventually obtain a judgment thereon Magee would not be the prevailing party and thus not entitled to attorney's fees under the statute. Since that potentiality remains, a resolution of the right to attorney's fees cannot be made until the litigation is concluded.
In view of the foregoing, the cross appeal in Case No. 83-284 is dismissed and the judgment appealed from in Case No. 83-2687 is reversed without prejudice to a future determination of attorney's fees when the issue is ripe.
LETTS and DELL, JJ., concur.