468 So.2d 1004 (1985)
Richard M. CRUM and Libbye J. Crum, His Wife, Appellants,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellee.
No. AS-107.
District Court of Appeal of Florida, First District.
March 15, 1985.
Rehearing Denied May 14, 1985.
*1005 James O. Shelfer, of Gardner, Shelfer & Duggar, Tallahassee, for appellants.
H. Hamilton Rice, Jr., and Charles T. Canady, of Lane, Trohn, Bertrand & Williams, Bradenton, for appellee.
ZEHMER, Judge.
This is an appeal from a final judgment in favor of United States Fidelity and Guaranty Company, granting foreclosure of property held by appellants, Richard M. Crum and his wife, Libbye J. Crum, to satisfy secured indebtedness of $261,932.12. Appellants argue that the promissory note upon which the indebtedness was based has been substantially discharged by payments made on the note that were improperly applied by appellee to another unsecured debt upon which appellants were also liable. We affirm.
In 1973, Richard Crum and two other persons formed PCH Mechanical Contractors, Inc., a corporation engaged in mechanical contracting work and specializing in government projects. On February 13, 1974, PCH, as principal, and appellants and Carey and Judy Huff, as indemnitors, executed a master security agreement with USF & G. Pursuant to this agreement, USF & G extended bonding credit to PCH, and appellants, as indemnitors, agreed to indemnify USF & G against any loss it might incur as a result of extending such credit to PCH. No money was paid by USG & G under the agreement until March 19, 1980, when PCH, appellants, and the Huffs requested USF & G to pay certain specified debts of PCH totaling $248,223.12. At the same time, appellants delivered to USF & G a letter designating certain PCH accounts receivable from which USG & G would receive repayment for advances on behalf of PCH.
On April 3, 1980, an agreement was made by USF & G, PCH, appellants, and the Huffs, under which USF & G acknowledged that it had been requested to pay certain specified obligations of PCH and that PCH and appellants would "identify and designate" to USF & G sources of funds from which repayment of the advances would be made. By that same agreement, PCH and indemnitors agreed to execute a promissory note to USF & G for the funds to be advanced.
On May 12, 1980, PCH, appellants, and the Huffs executed a promissory note to USF & G in the amount of $248,223.12, payable on demand. The note contained a clause that it was secured by a mortgage *1006 "of even date herewith." On July 23, 1980, appellants executed a mortgage to secure payment of the May 12 note, which is the subject of this action.
On October 26, 1981, USF & G sent a letter to appellants demanding full payment of the funds advanced under the promissory note. Appellants then sent a letter to USF & G dated October 29, 1981, requesting an accounting of all sums advanced under the promissory note and paid against the note by the PCH accounts receivable specified for repayment. After several exchanges of correspondence between the parties, which did not result in payment of the note by appellants, USF & G sued appellants to foreclose on the mortgage securing the debt. Appellants answered and counterclaimed for an accounting. The case was tried before the circuit court, and a final judgment of foreclosure was entered against appellants.
The primary issue on appeal revolves around the proper application of funds received by USF & G from PCH which were intended to retire the indebtedness of PCH. The evidence at trial showed that $248,223.12 was advanced by USF & G on behalf of PCH as evidenced by the May 12, 1980, note and, further, that the total of all sums advanced by USF & G on behalf of PCH pursuant to the terms of the master surety agreement was $376,447.10. The balance between these two figures, $128,213.98, was an unsecured debt owed by PCH to USF & G. The evidence shows that various payments were made by or on behalf of PCH to USF & G, but that only one payment, in the amount of $69,000, was specifically designated by PCH to be applied to the reduction of the obligation evidenced by the May 12, 1980, promissory note. The application of all other payments made by PCH was not designated, and all were applied by USF & G to reduce PCH's indebtedness not covered by the May 12, 1980, note.
Appellants argue that all the funds forwarded by PCH to USF & G should have been applied to discharge the May 12, 1980, promissory note. They argue that PCH designated the proceeds of various accounts receivable to be specifically used to discharge the debt evidenced by the promissory note. Appellants further argue that even if it is determined PCH did not properly designate the accounts receivable to be applied to the May 12 promissory note, the payments received by USF & G from those receivables should have been applied by USF & G to the oldest existing indebtedness. Since the oldest debt is the one evidenced by the promissory note, appellants argue, USF & G should have applied the proceeds to that debt, even in the absence of a specific designation by PCH. Finally, appellants argue, USF & G did not properly make a timely election as to how the payments should be applied; therefore, the election to apply the payments to the May 12, 1980, note as the oldest existing indebtedness should have been by the court. They argue that USF & G did not properly make an election within a reasonable time as to how to apply the payments and did not notify PCH of such election.
The validity of the promissory note and mortgage sued upon is not disputed by the parties. It is also clear that the note bears no notation of cancelation or discharge by payment. Accordingly, USF & G has met its initial burden to recover on the note and foreclose the mortgage and the burden of proving the affirmative defense of payment rests upon appellants. Touchberry v. Nemec, 264 So.2d 466 (Fla. 4th DCA 1972). Appellants attempted to prove their affirmative defense of payment by showing that funds were forwarded from PCH to USF & G to be used only to discharge the promissory note but that such funds were misapplied by USF & G to other unsecured indebtedness.
We have thoroughly reviewed the record and find no basis to disturb the trial court's decision. Appellants failed to carry their burden of proving the affirmative defense of payment. As appellee has correctly stated, it is not our function to second-guess the trial court on issues of fact where there is conflicting evidence in the record. Jacquin-Florida Distilling Co. v. *1007 Reynolds, Smith and Hills, 319 So.2d 604 (Fla. 1st DCA 1975). The proof fails to establish two critical facts: (1) That the payments made by PCH were identified to USF & G as coming from the accounts receivable previously designated for payment; and (2) the amount of any debt, secured or unsecured, existing at the time of the various payments from PCH. In the absence of evidence of those facts, appellants simply cannot prove that USF & G failed to properly apply the payments to the promissory note. Unless the payments made by PCH were properly designated as coming from the identified accounts receivable from which the note was to be paid, USF & G was not obligated to apply such payments to the promissory note but was free to apply them to other existing indebtednesses of PCH. There is competent substantial evidence that USF & G elected within a reasonable time to apply the payments to other existing indebtedness of PCH.
Appellants also contend that the mortgage being foreclosed is unenforceable for lack of consideration because it was executed approximately one month after the promissory note. This argument is based on the proposition that a preexisting debt may not be used as consideration for a mortgage. We reject this contention because the general rule in Florida and throughout the country is that a pre-existing debt, standing alone, may be sufficient consideration for a mortgage. Kitchens v. Kitchens, 142 So.2d 343 (Fla. 2d DCA 1962); Ocklawaha River Farms Co. v. Young, 73 Fla. 159, 74 So. 644 (1917); 55 Am.Jur.2d, Mortgages, § 100.
AFFIRMED.
ERVIN, C.J., and BOOTH, J., concur.

ON MOTION FOR REHEARING
ZEHMER, Judge.
Appellants urge on rehearing that we overlooked the principle of law that a creditor, in order to validly apply unspecified payments by a debtor to one of several debts, must notify the debtor of such application within a reasonable time, citing Restatement (Second) of Contracts § 259 (1981); Frieslander v. Mahon, 400 So.2d 41 (Fla. 2d DCA 1981); and McElwain Associates, Inc. v. Culbreth, 417 So.2d 838 (Fla. 1st DCA 1982). After review of these authorities, we note that Frieslander and Culbreth do not stand for the above proposition but, rather, support the rule that the creditor must make his election within a reasonable time. We expressly found in our opinion that USF & G made such timely election.
Although the cited section of the restatement stands for the proposition urged by appellants, we find no need to decide whether that rule should be applied in Florida because we grounded our decision on the evidentiary shortcomings noted on pages 1006 and 1007 of our opinion. Since appellants failed to carry their burden of proving the affirmative defense of payment with sufficient particularity to require application of the cited rule, the motion for rehearing is denied.
ERVIN, C.J., and BOOTH, J., concur.