512 So.2d 344 (1987)
GENERAL ACCIDENT INSURANCE Company, Appellant,
v.
Joseph J. PACKAL d/b/a Welcome Video & Electronics, and Borg-Warner Acceptance Corporation, Appellees.
No. 87-0051.
District Court of Appeal of Florida, Fourth District.
September 16, 1987.
*345 W. Lane Neilson of Neilson and Associates, Tampa, for appellant.
David Jack Palgon of Engel & Palgon, P.A., Miami, for appellee-Packal.
DOWNEY, Judge.
During the course of discovery in a suit for breach of contract by an insured, Joseph J. Packal d/b/a Welcome Video & Electronics (Packal), and others against his insurer, General Accident Insurance Company (General Accident), Packal sought the production of General Accident's claims file. The trial court ordered the file produced for an "in camera" inspection, after which the judge inadvertently returned the file to plaintiff's counsel rather than counsel for General Accident. This precipitated a motion to recuse counsel for plaintiff, which the court denied.
General Accident sought certiorari review of the order denying recusal of counsel, which this court granted and ordered counsel for plaintiff to be recused from the case. See General Accident Insurance Company v. Borg-Warner Acceptance Corporation, 483 So.2d 505 (Fla. 4th DCA 1986). Packal filed a motion "for an award of attorney's fees for the defense of these common law certiorari proceedings said award to the [sic] added to any final judgment in favor of Joseph J. Packal and Welcome Video and Electronics." This court granted said motion and remanded the cause to the trial court for assessment. Upon remand, a hearing was held and the trial court awarded Packal an attorney's fee for the appellate proceedings. That order is now before this court for review because the trial court awarded the attorney's fee to Packal without any limitation thereon to abide the determination as to whether Packal is the ultimate prevailing party.
*346 Initially we would point out that our order granted Packal's motion to award him an attorney's fee, which award should be added to any final judgment in his favor. Thus, the fee awarded was to be conditional upon Packal being the ultimate prevailing party  if not, the anticipated fee would never be included in the final judgment. Although we certainly could have made it more clear, this is consistent with the existing law on the subject. When a party is determined by the appellate court to be entitled to attorney's fees for interlocutory appellate proceedings in a case involving attorney's fees for the prevailing party, the award of entitlement to attorney's fees for the interlocutory appellate proceeding is conditional upon that party ultimately prevailing in the final judgment. This, of course, means that the ultimate prevailing party must be the winner in the interlocutory appellate proceeding and receive the appellate court's approval for the allowance of fees, but no fee will be payable until and unless that party "prevails"[1] in the end. See Mainlands Construction Co. v. Wen-Dic Construction Co., 482 So.2d 1369 (Fla. 1986); Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987); Magee v. Bishop Signs, Inc., 458 So.2d 1174 (Fla. 4th DCA 1984); Steinhardt v. Eastern Shores White House Association, Inc., 413 So.2d 785 (Fla.3d DCA 1982). Therefore, in the present case it would have been appropriate for the trial court to proceed as it did to a determination of an appropriate fee for Packal payable if, as, and when Packal prevails in the final analysis, or the trial court could await the final determination of the case and then, assuming Packal prevails, determine the entire amount of attorney's fees to which Packal was entitled as the prevailing party, including the fee awarded by the appellate court for the interlocutory appellate proceeding.
At this juncture of the case we are met with the unusual problem that this court is now convinced that no appellate attorney's fees should have been awarded to Packal for the certiorari proceeding because Packal was not a prevailing party in that proceeding. The appellate proceeding was precipitated by the trial court inadvertently sending the company's file to opposing counsel, which made necessary the order requiring recusal of counsel. The trial court action was defended by Packal in this court to no avail and, thus, in any event, he was not entitled to a conditional award of attorney's fees for that proceeding. Of course, our order constitutes the law of the case and ordinarily would control all further proceedings in the case. However, there is an exception to the law of the case rule, which is that an appellate court has the inherent authority to depart from previous interlocutory rulings as a matter of grace in unusual circumstances where the ruling is erroneous and manifest injustice will result from a strict application of the rule. Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965); Harris v. Lewis State Bank, 482 So.2d 1378 (Fla. 1st DCA 1986); 3M Electric Corporation v. Vigoa, 443 So.2d 111 (Fla.3d DCA 1983), rev. denied, 447 So.2d 888 (1984).
It appears to us that a manifest injustice would occur should our previous order awarding attorney's fees stand; whereas, a correction of the record while this case is still pending and the matter is again before us cannot unduly prejudice the parties.
Finally, we treat a point not raised by the parties so as not to create a conflict within our own cases. Packal has filed a notice of appeal to review the trial court determination of the amount of attorney's fees to be paid to Packal by General Accident pursuant to our order; whereas the appropriate manner for reviewing such an order is by motion pursuant to Florida Rule of Appellate Procedure 9.400(c). In Starcher v. Starcher, 430 So.2d 991 (Fla. 4th DCA 1983), we held that questions regarding the allowance of attorney's fees by the trial court after remand could be considered as a point on appeal in that case *347 because it was but one of several points for determination. However, the court went to some lengths to caution against the failure to follow rule 9.400(c) when the sole point involved was the allowance of attorney's fees. Once again we alert the bar to the appropriate vehicle under the rules to review such an award, and we treat this appeal as a motion filed pursuant to Rule 9.400(c).
In view of the foregoing, we grant General Accident's motion to review the trial court order of November 5, 1986. In accordance with this opinion, we vacate our order of February 19, 1986, granting Packal's motion for an award of attorney's fees for the certiorari proceeding, and the order of the trial court dated November 5, 1986, fixing the amount of said fees pursuant to our February 19, 1986, order.
LETTS and GLICKSTEIN, JJ., concur.
NOTES
[1] For an explication of the meaning of "prevailing party" see Peter Marich & Associates, Inc. v. Powell, 365 So.2d 754 (Fla. 2d DCA 1978).