537 So.2d 625 (1988)
Robert CLINE, M.D. and James Jude, M.D., Appellants,
v.
Stephen Michael GOUGE, As Personal Representative of the Estate of Catherine M. Christman, Deceased, Appellee.
No. 88-1415.
District Court of Appeal of Florida, Fourth District.
December 21, 1988.
Rehearing Denied February 23, 1989.
*626 Paul R. Regensdorf of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellants.
John Beranek of Klein & Beranek, P.A., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
Another panel of the court considered the merits of this case and reversed the summary final judgment which the trial court had entered for the defendants. See Gouge v. Cline, 513 So.2d 1100 (Fla. 4th DCA 1987). That panel granted appellant's motion for attorney's fees by order, directing the following on remand:
[T]he amount thereof shall be assessed by the trial court upon due notice and hearing subject to review by this court under Rule 9.400(c), Fla.R.App.P.
On remand, the trial court entered a final judgment rather than an order for attorney's fees and expert fees.
In General Accident Insurance Company v. Packal, 512 So.2d 344, 346 (Fla. 4th DCA 1987), this court said:
When a party is determined by the appellate court to be entitled to attorney's fees for interlocutory appellate proceedings in a case involving attorney's fees for the prevailing party, the award of entitlement to attorney's fees for the interlocutory appellate proceeding is conditional upon that party ultimately prevailing in the final judgment. This, of course, means that the ultimate prevailing party must be the winner in the interlocutory appellate proceeding and receive the appellate court's approval for the allowance of fees, but no fee will be payable until and unless that party "prevails" in the end.
(Footnote and citations omitted.) In the instant case, the trial court should not have entered a final judgment because the determination of "the prevailing party" on the merits of the underlying medical malpractice case had not yet been made. See Mainlands Construction Co. v. Wen-Dic Construction Co., 482 So.2d 1369, 1371 (Fla. 1986).
The appellants in the case at hand have filed a notice of appeal as well as a Florida Rule of Appellate Procedure 9.400 motion for review of the trial court's final judgment. We dismiss the appeal, but grant the motion for review, and remand with direction that the trial court vacate its final judgment, and enter an appropriate order which sets the amount of the attorney's fees and expert fees but does not include language of finality.
We grant the appellants' motion for attorney's fees. On remand, the trial court is directed to proceed in a manner consistent with this opinion.
LETTS and GUNTHER, JJ., concur.