678 So.2d 822 (1996)
Osvaldo R. SABINA and Hilb, Rogal and Hamilton Company of Tampa Bay, Inc., a Florida corporation, Appellants,
v.
DAHLIA CORPORATION, a Florida corporation, Appellee.
No. 94-01954.
District Court of Appeal of Florida, Second District.
March 20, 1996.

ORDER ON MOTION FOR REVIEW
By motion filed pursuant to Florida Rule of Appellate Procedure 9.400(c), the appellee, Dahlia Corporation, seeks review of a final order of the trial court awarding appellate attorney's fees to the appellants, Osvaldo R. Sabina and Hilb, Rogal and Hamilton Company of Tampa Bay, Inc. Upon consideration of the arguments presented by the parties, we conclude that we did not give sufficiently clear instructions on appellate fees to the trial court after the prior interlocutory appeal in this cause.
In the prior appeal in this cause, Sabina v. Dahlia Corp., 650 So.2d 96 (Fla. 2d DCA 1995), we reversed a temporary injunction the trial court entered in favor of Dahlia Corporation against Sabina and his new employer. By separate order we granted Sabina's motion for appellate attorney's fees "in an amount to be set by the trial court." We did not add, which on retrospect we find we should have, that such fees were contingent on Sabina's ultimately prevailing at trial. On remand, the case went to jury trial and the verdict was in favor of Dahlia on all counts tried. Despite the fact that Dahlia Corporation was the ultimately prevailing party, the trial court felt it was constrained by our decision and entered an order in favor of Sabina and his new employer for the appellate attorney's fees from the interlocutory appeal.
Because this is basically a contract action, there can be only one prevailing party. Green Companies v. Kendall Racquetball Investment, 658 So.2d 1119, 1121 (Fla. 3d DCA 1995); see also Moritz v. Hoyt Enterprises, 604 So.2d 807 (Fla.1992) (test for prevailing party is who succeeded on significant issues tried before the trial court). We adhere to the general rule that, in an interlocutory appeal, the party prevailing on the interlocutory appeal must also be the ultimately *823 prevailing party in the trial court to be entitled to a final judgment of appellate fees from the interlocutory appeal. Cline v. Gouge, 537 So.2d 625 (Fla. 4th DCA 1988).
We do not read the result in Green Companies as contradictory to our holding here. In Green Companies, the party that did not ultimately prevail at trial was allowed to retain its award of appellate fees from a prior appeal. That prior appeal was not interlocutory in nature. Moreover, our sister court found procedural irregularities which militated in favor of allowing the prior appellate fees award to stand. We do not have similar circumstances in the case at hand.
Accordingly, we reverse the award of appellate fees.
DANAHY, A.C.J., and ALTENBERND and FULMER, JJ., concur.