KLEIN, J.
Appellant contractor, which built a home for the appellees, appeals awards of prevailing party attorney’s fees and a fine imposed for contempt. We have consolidated the appeals and reverse.
The Viteritos brought this suit against JPG for negligent construction, alleging numerous defects; however, the contract required these claims to be determined in arbitration. The trial court ordered the parties to arbitrate, which they did, and the Viteritos prevailed. The trial court awarded the Viteritos prevailing party attorney’s fees, and JPG appeals.
JPG argues that the trial court erred in including fees incurred by the Viteritos in asserting that there should be additional arbitration in its award of attorney’s fees. A substantial amount of litigation in the trial court concerned that issue, and in addition, the Viteritos took two appeals, which were affirmed. The trial court, however, appears to have assumed that, because there was only one claim, it had to award all fees incurred by the Viteritos. JPG argues that the portion of the litigation involving whether the Viteritos were entitled to further arbitration was the equivalent of a separate claim and, because JPG prevailed, it should have been awarded attorney’s fees.
JPG relies on Folta, v. Bolton, 493 So.2d 440 (Fla.1986) for the proposition that where there are separate and distinct claims trial courts should award prevailing party fees to the party prevailing on each claim. Folia, however, involved a multi-count complaint. In the present case the *530 Viteritos’ complaint against JPG involved only one count.
JPG cites no authority to the effect that the Viteritos’ unsuccessful efforts to obtain further arbitration should be considered a separate claim. The trial court was accordingly not required as a matter of law to award prevailing party fees to JPG for its successful efforts to have the dispute resolved in arbitration. Sabina v. Dahlia Corp., 678 So.2d 822 (Fla. 2d DCA 1996)(“Because this is basically a contract action, there can be only one prevailing party”); Green Cos. v. Kendall Racquetball Inv. Ltd., 658 So.2d 1119 (Fla. 3d DCA 1995) and cases cited.
The trial court could, however, have determined that the Viteritos’ unsuccessful efforts to avoid arbitration, by taking two appeals which were affirmed, were unnecessary. A prevailing party is entitled to recover only fees which are “reasonably expended.” Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985).
The trial court may have justifiably believed, because of prior fee orders entered by this court, that it could not deny fees to the Viteritos for those appeals. Under Aksomitas v. Maharaj, 771 So.2d 541 (Fla. 4th DCA 2000), however, a trial court, when awarding prevailing party attorney’s fees at the conclusion of the case, can determine that attorney’s fees incurred on interim appeals were unnecessary. On remand, accordingly, the trial court should determine whether the two appeals taken by the Viteritos were reasonably necessary. If the trial court concludes that they were not, then the order awarding attorney’s fees to the Viteritos should be modified to exclude those fees.
We now turn to the contempt issue. A few months after the judgment confirming the arbitrator’s award was entered, the Viteritos asked the trial court to hold JPG in contempt for failure to comply with that order. This ultimately resulted in JPG being held in contempt and being ordered to pay a $25,000 “compensatory fine” within sixty days, with no purge provision. The fine was imposed because JPG did not comply with the final judgment and did not appear at several hearings.
JPG argues that the fine was criminal contempt, not civil, and that it must be reversed because the trial court did not follow criminal contempt procedure as provided in Florida Rules of Criminal Procedure 3.840 and 3.125(b). The Viteritos acknowledge that the fine cannot be sustained as criminal contempt, arguing only that it can be affirmed as civil contempt.
The primary purpose of civil contempt is to compel future compliance with court orders. It is coercive in nature and avoidable through obedience. Gregory v. Rice, 727 So.2d 251 (Fla.1999). Because there was no purge provision, the order cannot be upheld as a coercive civil contempt sanction. Id. at 253.
Nor can the $25,000 fine be upheld because a civil contempt fine must be supported by evidence of an injured party’s actual loss. Levey v. D’Angelo, 819 So.2d 864 (Fla. 4th DCA 2002). This fine is not supported by any evidence, but was imposed in addition to a compensatory damage award.
We therefore reverse for the trial court to reconsider the appellate attorney’s fees awarded the Viteritos and the contempt order, without prejudice to the Viteritos bringing further contempt proceedings.
Reversed.
STEVENSON and TAYLOR, JJ., concur.