PER CURIAM.
Defendants and counsel raise several issues involving the assessment of attorney’s fees under section 57.105, Florida Statutes (1995). The first is that the trial court could not have awarded attorney’s fees under the 1995 version of the statute, because the statute in that form required that there be a complete absence of justiciable issue of law and fact as to the entire action or defense. Muckenfuss v. Deltona Corp., 508 So.2d 340 (Fla.1987). The trial court found that the defense in this case was frivolous, and appellants argue that because the trial court had directed a verdict against the plaintiff on the RICO claim, it follows that the entire defense was not frivolous.
The trial court rejected that argument because the RICO claim was simply an alternative theory to the fraud and civil theft claims, and plaintiff prevailed on both of those claims. We are unable to say that the trial court erred in this reasoning, *1157 particularly where, as in this case, we have not been furnished with a copy of the transcript of the trial. We therefore affirm the award of section 57.105 fees.
We reverse, as appellee concedes we should, the amount of prejudgment interest, to be recalculated from July 30, 2001. We also reverse the order holding the appellant in civil contempt because there was no purge provision, and the fine was unsupported by evidence of an injured party’s actual loss. JPG Enters., Inc. v. Viterito, 841 So.2d 528 (Fla. 4th DCA 2003).
We affirm the denial of attorney’s fees to appellants under section 772.104, Florida Statutes (1995). Contrary to appellants’ argument, a fee award under this statute is not mandatory, but rather dependent on the trial court finding that the claim was without substantial fact or legal support. There was no such finding in this case and, without a transcript of the trial, we cannot determine that the denial of fees was error. Affirmed in part and reversed in part.
POLEN, KLEIN and GROSS, JJ., concur.