MORRIS, Judge.
East Coast Metal Decks, Inc., appeals a nonfmal order denying its motion to transfer venue. We affirm.
The underlying litigation involves a breach of contract action initiated in Collier County by the appellee, Boran Craig Barber Engel Construction Co., against East Coast. Boran was the general contractor and East Coast was the subcontractor on two public works projects located in Brevard and Sarasota Counties. In the underlying action, East Coast filed a third-party claim against Boran’s surety, Safeco Insurance Company of America, which provided the bonds on the projects. East Coast sought to transfer the Collier County action to Brevard County where litigation involving the projects had been initiated by material suppliers.
The trial court denied East Coast’s motion to transfer on the basis that a contractual venue selection provision in the subcontract constituted a waiver of any challenge to venue based on inconvenience or location of the property. The trial court also determined that East Coast’s third-party claim against Safeco was a claim against a payment bond and that section 255.05(5), Florida Statutes (2010), did not require that the action be brought in Brevard County. Finally, the trial court determined there was an insufficient likelihood of inconsistent results occurring between the Collier County and Brevard County actions.[1]
The denial of the motion to transfer was correct. “[Pjarties may provide by their agreement where suit may be brought to enforce it.” Interval Mktg. Assocs. v. Sea Club Assocs. IV, 468 So.2d 262, 263 (Fla. 2d DCA 1985). Here, that is exactly what Boran and East Coast did by specifying in the subcontract that venue would lie in Collier County. Thus, we agree that the contractual venue provision constituted a waiver of venue based on inconvenience or location of the property. See Se. Office Supply & Furniture Co. v. Barley, 427 So.2d 1139, 1140 (Fla. 5th DCA 1983).
We acknowledge that courts are not bound to abide by contractual venue provisions if there are compelling reasons not to enforce them. See id.; Carlson-Se. Corp. v. Geolithic, Inc., 530 So.2d 1069, 1072 (Fla. 1st DCA 1988). However, this case does not present such facts and the cases relied on by East Coast are factually distinguishable from this case. While the two surety bonds on each of the public works projects contained their own venue provisions mandating venue in Brevard and Sarasota Counties, that fact does not nullify the venue provision in the subcontracts. Further, the existence of the other litigation in Brevard County does not require a transfer of the Collier County action. Although the Brevard County action is relat *313 ed to the underlying dispute, it is smaller in scope and deals with a much smaller amount in controversy than the Collier County action. A transfer of the Collier County action would thus consume and overrun the Brevard County action.
Finally, we agree with the trial court that statutes dealing with lien transfer bonds are not applicable. Rather, it is section 255.05(5) which deals with payment bonds, that is applicable to this case. Section 255.05(5) provides in relevant part that “any action authorized under this section may be brought in the county in which the public building or public work is being constructed or repaired.” (Emphasis added.) Consequently, we are not persuaded that the Collier County action was required to be brought in Brevard or Sarasota counties where the public works projects were located. See Carlson-Se. Corp., 530 So.2d at 1073; see also Palm Beach Cnty. Canvassing Bd. v. Harris, 772 So.2d 1273, 1287 (Fla.2000) (explaining that statute which used word shall was mandatory whereas statute which used word may was permissive).
Under the facts of this case then, the motion to transfer venue was properly denied.
Attorneys’ Fees
Both parties moved for prevailing party appellate attorneys’ fees pursuant to the contract. There are two provisions within the subcontract that provide for prevailing party attorneys’ fees. One provision that appears to apply to either party and deals generally with dispute resolution provides in relevant part: “[i]n addition to any other remedies contained in this Subcontract or available by law, all costs of resolving disputes under this Subcontract including a reasonable attorney’s fee for services provided in litigation ... shall be paid to the prevailing party.” The other provision would appear to apply only to Boran, and it provides that the “Subcontractor shall be liable to Contractor for all costs the Contractor incurs as a result of Subcontractor’s failure to perform this Subcontract in accordance with its terms.... Subcontractor’s liability shall include ... (6) attorney’s fees and related costs.”[2]
In Moritz v. Hoyt Enterprises, 604 So.2d 807, 810 (Fla.1992), the Florida Supreme Court held “that the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney’s fees.” Because we have determined that the trial court properly denied the motion to transfer, Boran is the prevailing party on appeal. However, it is unknown who will ultimately prevail on the significant issues in the action below. Accordingly, we conditionally grant Boran’s motion subject to Boran’s ultimately prevailing on the significant issues in the action below. See id.
East Coast, on the other hand, did not prevail on appeal, and as with Boran, it is unknown whether East Coast will prevail on the significant issues in the action below. We recognize that in Aksomitas v. Maharaj, 771 So.2d 541 (Fla. 4th DCA 2000) (en banc) (on motion for rehearing of order granting attorney’s fees), the Fourth District interpreted the Moritz test to be applicable to a party who loses on appeal but ultimately prevails in the action below. The Fourth District reached this conclusion in part on the premise that public policy — as expressed in certain statutes— was to make a party whole. Aksomitas, 771 So.2d at 544. The Fourth District also *314 noted that denying fees to a party who ultimately prevailed in the action below would be inconsistent with the intent of the parties who had agreed in their contract that the prevailing party should be reimbursed. Id.
Subsequently, the Florida Supreme Court rejected the Aksomitas approach to conditionally awarding fees to a party who loses on appeal. See Brass & Singer, P.A. v. United Auto. Ins. Co., 944 So.2d 252 (Fla.2006). However, the Brass & Singer case dealt with the proper interpretation of section 627.428(1), Florida Statutes (2004), which contained specific language regarding when fees may be awarded to an insured or beneficiary in an insurance dispute. Id. at 254. Thus the Brass & Singer holding must be limited to that context.
Despite the limitation of the Brass & Singer holding, East Coast is still not entitled to a conditional award of appellate attorneys’ fees under this court’s case law. In Sabina v. Dahlia Corp., 678 So.2d 822, 822 (Fla. 2d DCA 1996), a pre-Aksomitas case, this court reversed an order awarding attorneys’ fees to a party who had prevailed on appeal but ultimately lost in the action below, noting that “[bjeeause this is basically a contract action, there can be only one prevailing party.” We adhered “to the general rule that, in an interlocutory appeal, the party prevailing on the interlocutory appeal must also be the ultimately prevailing party in the trial court to be entitled to a final judgment of appellate fees from the interlocutory appeal.” Id. at 822-28 (emphasis added) (citing Cline v. Gouge, 587 So.2d 625 (Fla. 4th DCA 1988)).
The fact that this court referred to a party’s prevailing on appeal indicates that prior to Aksomitas we would refuse to conditionally award appellate fees to a party who loses on appeal. Yet even after Aksomitas was decided, this court has, as evidenced by published orders, adhered to the traditional approach of only conditionally awarding fees to a party which prevails on appeal. See Dienstl v. Castle Builders U.S. Inc., 49 So.3d 1272, 1272 (Fla. 2d DCA 2010); Sherwood Partners, LLC v. Wickman, 26 So.3d 590, 590 (Fla. 2d DCA 2010). East Coast has cited no authority requiring us to stray from that approach — at least in the context of an interlocutory appeal involving a breach of contract action. Accordingly, we continue to adhere to the traditional approach of conditionally awarding prevailing party appellate attorneys’ fees only to the party who prevails on appeal. East Coast’s motion is therefore denied.
Affirmed.
NORTHCUTT, J„ Concurs.
ALTENBERND, J., Concurs with opinion.

. Although East Coast did not expressly seek a transfer of venue based on convenience to the parties or witnesses pursuant to section 47.122, Florida Statutes (2010), its motion was similar in scope. Consequently, we review the trial court’s order under an abuse of discretion standard. See RJG Envtl., Inc. v. State Farm Ins. Co., 62 So.3d 678, 679 (Fla. 2d DCA 2011).

. Since this provision only provides fees to be awarded to the contractor, East Coast erred by citing to it in its motion. However, as previously noted, another provision of the subcontract appears to allow either party to be awarded fees if it prevails in the litigation