GRIFFIN, J.,
dissenting.
I respectfully dissent for four reasons. First, in my view, the analysis of this issue, set forth thirteen years ago in Aksomitas v. Maharaj, 771 So.2d 541 (Fla. 4th DCA 2000), is the correct approach; and, as far as I am aware, until now, we have generally applied Aksomitas in this Court to provisionally authorize fees for an appeal to the ultimately prevailing party, even though they may not have prevailed in the appeal itself.
Second, in deciding Brass & Singer v. United Automobile Insurance Co., 944 So.2d 252 (Fla.2006), which recognized that insureds can only recover fees for an appeal if they prevail on appeal, the Florida Supreme Court expressly relied on the language of section 627.428, Florida Statutes. If all litigants who do not prevail on appeal are not entitled to recover any appellate fees, even if they ultimately prevail on the merits of the case, the statutory distinction would have been irrelevant. The Florida Supreme Court did not question the basic premise of Aksomitas.
Third, I am not persuaded by the case of East Coast Metal Decks, Inc. v. Boran Craig Barber Engel Construction Co., 114 So.3d 311 (Fla. 2d DCA 2013), on which the majority relies. The case offers no analysis or rationale, nor does it identify any flaw in the Fourth District Court of Appeal’s reasoning in Aksomitas. Even Judge Altenbernd, in his concurring opinion, acknowledges that the Aksomitas decision is logical. He merely suggests that there may be a policy reason to deny these fees in order to discourage interlocutory appeals because they can be disruptive to the litigation. This does not make a lot of sense to me. Interlocutory appeals are expressly authorized by detailed and well thought out rules designed to allow immediate review of those few issues that arise in litigation where delay in resolving them, one way or the other, can lead to waste, unreasonable delay and undue expense to the parties. The venue issue in East Coast Metal Decks is a perfect example. Immunity from suit and entitlement to arbitration are others. I cannot see that denying fees to a successfully prevailing litigant for an unsuccessful interlocutory appeal is an appropriate policy to discourage the use of the interlocutory appeal rule. I suspect that in the old days, fees were denied for an unsuccessful appeal simply because no one had thought about *276 the ultimately prevailing party issue addressed in Alcsomitas.
Finally, I prefer the flexibility of Akso-mitas. According to East Coast Metal Decks, fees are never awardable in any measure to the non-prevailing party on appeal. Under Alcsomitas, they are, but are always subject to the appellate court’s determination whether fees for the appeal or events within it are properly allowed.