319 So.2d 638 (1975)
TIME INSURANCE COMPANY, a Wisconsin Corporation Authorized to Do Business in the State of Florida, Appellant,
v.
Shelton ARNOLD, Appellee.
No. Y-28.
District Court of Appeal of Florida, First District.
October 10, 1975.
*639 Milton H. Baxley, II, Dell, Graham, Willcox, Barber, Rappenecker, Ryals & Henderson, Gainesville, for appellant.
Wayne M. Carroll and William R. Burwell, Wershow, Burwell, Carroll & Wershow, Gainesville, for appellee.
SMITH, Judge.
Time Insurance Company appeals from a final judgment entered in favor of its insured, appellee Arnold, for an attorney's fee in the amount of $1,200 and costs in the amount of $47.50 in Arnold's action for benefits under a policy of disability insurance. Time paid the policy limits during litigation and urges that it is not responsible for the payment of attorneys fees under § 627.428, F.S. 1973, because it did not act in bad faith or wrongfully in withholding payment for more than a year after the action was brought and for nearly two years after Arnold made claim under the policy.
Time's policy, insuring Arnold against loss by reason of disability from "sickness which first manifests itself after the policy is in force," was issued June 1, 1971. In December 1971, Arnold was stricken with a disabling illness. On January 20, 1972, on a form supplied by Time, Arnold submitted a notice of claim reciting that his sickness began on December 1 and referring Time to his physician's statement on the reverse side of the form. There Dr. Swift described his patient's illness and, in the space provided for the date on which "symptoms first appeared," he inserted the date "Jan 1971." The record does not inform us why Dr. Swift erroneously made this entry, or to what illness if any he may conceivably have been referring to, but it is agreed that the entry was erroneous and that the symptoms of Mr. Arnold's sickness were first manifested in December 1971, after the policy became effective in June.
Time rejected Arnold's claim for disability benefits by letter in April 1972, explaining that the medical information it had received indicated that the condition disabling Arnold "had its inception prior to the issuance of your policy." Arnold then consulted attorneys who protested to Time later in April that "I find no exclusion ... regarding pre-existing conditions" and that, in any event, Arnold's illness did not antedate the issuance of the policy, as could be verified by Dr. Barry, Arnold's family physician whose identity was shown on the original application for insurance. The lawyer's letter concluded with a declaration that he was "not interested in a barrage of letters sparring ... on the merits of this claim," assertions that "complaint drafting is less time consuming for me than nit-picking" and that Florida law provides attorney's fees to successful plaintiffs suing on insurance policies, and a statement that "Mr. Arnold is in need of his benefits, is entitled to them, and expects to receive them."
Within a week Time replied to Arnold's attorney, forwarded an underscored photocopy of the policy provisions excluding coverage for illnesses manifested before the policy date and explained that Time had indeed consulted Dr. Barry, who had said he had not seen Arnold since July 1969, about two years before the policy date. Time's representative also pointed out that Dr. Swift had stated on the claim report form that "the Insured's condition began January, 1971," which Time stated *640 "would pre-exist the June 1, 1971 issue date." Mr. Arnold's attorney responded as follows a week later:
"I reply to your letter concerning Shelton Arnold. It is no surprise to me that you decline coverage in this instance. Please do not be surprised when you receive our claim in a more appropriate forum.
"You deliberately overlooked the error I pointed out concerning the date assigned by Dr. F.J. Swift concerning the date of the on set of this condition. I would send you a corrected copy, but do not feel inclined to investigate your case for you.
"Please consider this our final notice of claim in this matter."
This communication was the last between the parties until appellee Arnold's complaint was filed in November 1973. Dr. Swift's deposition was at last taken on October 30, 1974, and the doctor then verified that his entry on the notice of claim form was erroneous. Within sixty days, Time paid to Mr. Arnold the full coverage afforded by the policy.
In these circumstances, it was error for the trial court to enter judgment for appellee Arnold assessing attorney's fees pursuant to § 627.428, F.S. 1973. The statutory provision for assessment of reasonable attorney's fees for the benefit of a beneficiary who successfully obtains a judgment on his policy is in the nature of a penalty, to discourage wrongful refusals to pay policy benefits. Manufacturers Life Ins. Co. v. Cave, 295 So.2d 103 (Fla. 1954), Equitable Life Assur. Soc. of U.S. v. Nichols, 84 So.2d 500 (Fla. 1956), Bohlinger v. Higginbotham, 70 So.2d 911 (Fla. 1974). See also our decision in Salter v. Nat'l Indem. Co., 160 So.2d 147 (Fla.App. 1st, 1964).
Time's refusal in this case to pay the policy benefits was not wrongful. It promptly paid when it learned, at the taking of Dr. Swift's deposition, that the illness for which claim was made first manifested itself during the policy period. Until then, it was misled by Dr. Swift's erroneous statement in the proof of claim which was erroneously submitted by Arnold, and for which Time bore no responsibility. Sec. 627.425, F.S. 1973. While Time was patient and candid in explaining its position to appellee's attorney in correspondence during the spring of 1971, counsel's response was irascible and uncommunicative. Time had no obligation under the circumstances to doubt the erroneous information contained in the notice of claim. The assessment of attorney's fee was therefore erroneous.
Although Time assigned as error the assessment of costs, appellant waived the point by failing to brief and argue it. Tri-State Enterprises, Inc. v. Berkowitz, 182 So.2d 40 (Fla.App.2d, 1966); Nasrallah v. Corley, 180 So.2d 476 (Fla.App. 3rd, 1965). In this respect the judgment will be sustained.
Affirmed in part, reversed in part.
McCORD, Acting C.J., and MILLS, J., concur.