390 So.2d 464 (1980)
TRAVELERS INDEMNITY COMPANY OF AMERICA, Appellant,
v.
Jacqueline MORRIS, Appellee.
No. 80-13.
District Court of Appeal of Florida, Third District.
November 25, 1980.
High, Stack, Lazenby, Bender, Palahach & Lacasa and R. Scott Boundy, Miami, for appellant.
Flinn & Jennings and Gene Flinn, Miami, for appellee.
Before BARKDULL, SCHWARTZ and DANIEL S. PEARSON, JJ.
SCHWARTZ, Judge.
In 1977, the plaintiff-appellee secured a judgment against the appellant, Travelers, on a personal injury protection insurance claim. The trial court also awarded the plaintiff attorney's fees under Section 627.428, Florida Statutes (1977). The judgment and fee award were affirmed by this court, which also granted fees for the appellate services of the insured's counsel. Travelers Indemnity Co. v. Morris, 360 So.2d 1262 (Fla.3d DCA 1978). Subsequently, the trial *465 court entered the order now under review,[1] awarding $2,500 for additional post-judgment services rendered by the appellee's lawyer in the trial court. We reverse.
The present fee represents payment for counsel's efforts in (a) securing payment of the p.i.p. benefits required by the judgment and (b) settling the record of unreported pre-judgment proceedings for use in the initial appeal. The award was not authorized for either class of services. First, the clear terms of Sec. 627.428-which must, in any event, be strictly construed, Hartford Accident & Indemnity Co. v. Smith, 366 So.2d 456 (Fla.4th DCA 1978) permit fees only for services involved in obtaining a judgment against a carrier, and not for those required to effect compliance with, collection of, or execution upon that judgment. Lee v. Government Employees Ins. Co., 388 So.2d 346 (Fla.1st DCA 1980); see, Bohlinger v. Higginbotham, 70 So.2d 911, 916 (Fla. 1954). Second, since we did not remand the issue to the lower tribunal as permitted by Fla.R.App.P. 9.400(b), the trial court lacked jurisdiction to award fees for services related[2] to the earlier appeal.[3] See, Winner v. Winner, 376 So.2d 924 (Fla.3d DCA 1979). The order below is therefore reversed and the cause remanded with directions to deny the appellee's motion for additional fees.
Reversed.
NOTES
[1] Pursuant to Fla.R.App.P. 9.130(a)(4).
[2] Proceedings, such as those involved here, for the settlement of the contents of an unreported hearing are obviously an integral part of the appellate, rather than the trial process. See, Fla.R.App.P. 9.200(b)(3).
[3] It must be conclusively presumed that our own award of appellate fees encompassed all the services relating to the appeal, including those now claimed. For this reason, the nature and extent of the services for which fees are sought should be referred to in the motion for attorney's fees filed in the court of appeal under Fla.R.App.P. 9.400(b).