[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 01-11249

_____

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2002
THOMAS K. KAHN

D. C. Docket No. 85-00571-CV-AJ

UNITED STATES OF AMERICA,

Plaintiff,

versus

PEPPER'S STEEL & ALLOYS, INC.,

Defendant,
Cross-Defendant,
Third-Party Plaintiff,
Appellant,
Cross-Appellee,

FLORIDA POWER & LIGHT COMPANY,

Defendant,
Cross-Defendant,

NORTON BLOOM,

Defendant,
Third-Party-Plaintiff,
Appellant,
Cross-Appellee,

THOMAS A. CURTIS, WILLIAM PAYNE,
FLORA PAYNE, LOWEL PAYNE,

Defendants,

HOME INSURANCE COMPANY, MIAMI BATTERY
MANUFACTURING COMPANY, TRANSPORTATION
INSURANCE CO., CONTINENTAL CASUALTY
COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S
LONDON, London and Insurance Companies
subscribing to twenty-two policies numbered
inclusively L116-8, L1024-27, L1209-12,
C116-18, C1024-27, and C1209-12 (Wallis and
Companies) a.k.a. London Market Insurers,
LEXINGTON INSURANCE COMPANY,

Third-Party Defendants,

UNITED STATES FIDELITY AND GUARANTY COMPANY,

Third-Party Defendant,
Appellee,
Cross-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

**(April 25, 2002)**

Before BIRCH and WILSON, Circuit Judges, and DOWD[*], District Judge.

PER CURIAM:

Pepper's Steel & Alloys, Inc., and Norton Bloom (collectively Pepper's

Steel) appeal the district court's determination that, under section 627.428 of the

---

[*]Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio,
sitting by designation.

Florida Statutes, they are not entitled to attorneys' fees incurred in seeking to enforce a settlement agreement with United States Fidelity and Guaranty Co. (USF&G). Finding that this case turns on an important question of state law for which there is no clear controlling precedent, we certify the question to the Florida Supreme Court for resolution.

## BACKGROUND

After being sued by the United States to recover remediation costs arising from an allegedly polluted site, Pepper's Steel demanded coverage from USF&G, which had issued an insurance policy covering the site. In 1991, USF&G made an oral offer to settle for $2,000,000. On October 22, 1993, after an intervening Florida Supreme Court decision drastically reduced USF&G's exposure, Pepper's Steel accepted USF&G's offer. USF&G claimed that its offer had been rejected or had lapsed, but the district court held that the settlement agreement was valid. Under the district court's order, each party had to bear its own costs and attorneys' fees.

USF&G appealed and Pepper's Steel cross-appealed, seeking attorneys' fees. We affirmed the district court's determination that there was a binding settlement agreement, but remanded the case for further consideration of Pepper's

3

Steel's claim for attorneys' fees under section 627.428.[1] Although we noted that any claim for fees incurred before October 22, 1993 was foreclosed by the settlement agreement, we stated that if Pepper's Steel was "seeking an award of fees incurred *after* October 22, 1993, in connection with [its] motion to enforce the agreement, then [it] may have a viable claim. Since these fees were incurred post-agreement, we cannot assume the parties compromised them in their settlement." *United States v. Pepper's Steel & Alloys, Inc.*, 11th Cir. 1996, __ F.3d __, (No. 94-5187, May 31, 1996).

On remand, the district court concluded that section 627.428 did not permit Pepper's Steel to recover attorneys' fees.[2] Although the court acknowledged that Florida law permits an insured to recover fees incurred in reaching a settlement, the

---

[1]Section 627.428 provides,

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1).

[2]The fees Pepper's Steel seeks fall into the following three categories: fees incurred in enforcing the settlement agreement, fees incurred in defending USF&G's appeal and prosecuting Pepper's Steel's cross-appeal, and fees incurred in prosecuting Pepper's Steel's efforts to obtain fees.

court held that Florida law does not permit Pepper's Steel to recover fees incurred in enforcing the settlement agreement. This appeal followed.

## DISCUSSION

Under Florida law, each party generally bears its own attorneys' fees unless a contract or statute provides otherwise. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1148 (Fla. 1985). Under section 627.428, however, "[u]pon the rendition of a judgment or decree . . . against an insurer and in favor of" the insured, the insured is entitled to reasonable attorneys' fees. Fla. Stat. § 627.428(1). The Florida Supreme Court has held that under this statute, an insured may recover fees incurred in reaching a settlement. *Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So. 2d 217, 218 (Fla. 1983). However, the Florida Supreme Court has not answered the question before us here: whether section 627.428 provides for an award of attorneys' fees when an insured successfully sues to enforce an agreement that purportedly settled a coverage issue.

USF&G argues that the district court correctly relied on *Travelers Indemnity Co. of America v. Morris*, 390 So. 2d 464 (Fla. Dist. Ct. App. 1980), in determining that Florida law does not permit the collection of attorneys' fees incurred in litigating the validity of a settlement agreement. In *Morris*, after securing a judgment against an insurer on a personal injury protection insurance

claim, the plaintiff sought attorneys' fees for time spent trying to secure payment of the benefits required by the judgment. *Id.* at 464–65. The *Morris* court denied fees, stating that section 627.428 must be strictly construed and that the statute permits fees "only for services involved in obtaining a judgment against a carrier, and not for those required to effect compliance with, collection of, or execution upon that judgment." *Id.* at 465.

Pepper's Steel counters that permitting the collection of fees incurred in enforcing a settlement agreement against an insured is consistent with the purpose of section 627.428, which is to "to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts." *Ins. Co. of N. Am. v. Lexow*, 602 So. 2d 528, 531 (Fla. 1992); *see also Wollard*, 439 So. 2d at 218 (stating that the statute is meant "to discourage litigation and encourage prompt disposition of valid insurance claims without litigation"). Pepper's Steel relies primarily on *Bankers Security Insurance Co. v. Brady*, 765 So. 2d 870 (Fla. Dist. Ct. App. 2000), to argue that it would be consistent with the purpose of section 627.428 to award fees when an insured successfully litigates the validity of a settlement agreement. In *Brady*, the insurer was held liable for attorneys' fees, because it breached its oral agreement to pay a

claim arising under the policy. *Id.* at 873. After the insured's home was destroyed by fire, the insurer's adjuster agreed to pay $65,000. *Id.* at 871. When the insurer then replaced the adjuster and refused to pay $65,000, the insured sued for breach of the oral settlement agreement. *Id.* The insurer contested the validity of the settlement agreement, claiming that the adjuster had no authority to bind it. *Id.* at 872. The district court of appeal held that there was a binding settlement agreement and awarded the insured attorneys' fees, holding that a fee award was consistent with the purposes of section 627.428. *Id.* at 873. The court found that Brady was forced to sue his insurer "for breach of its agreement to pay for his loss. Had Brady filed a breach of contract action and prevailed, he would clearly be entitled to fees under section 627.428. It is unreasonable to deny fees to Brady for what is in essence the same action." *Id.*

We find it difficult to reconcile the conflicting language in *Morris* and *Brady*. Because this case presents an important question of Florida law that has not been directly addressed by the Florida Supreme Court, we certify, pursuant to section 25.031 of the Florida Statutes and Rule 9.150 of the Florida Rules of Appellate Procedure, the following question of law to the Florida Supreme Court:

> UNDER SECTION 627.428 OF THE FLORIDA STATUTES, IS AN
> INSURED ENTITLED TO AN AWARD OF ATTORNEYS' FEES

7

INCURRED IN ENFORCING A SETTLEMENT AGREEMENT

AGAINST AN INSURER?

The phrasing of this question is not meant to restrict the Florida Supreme Court's consideration of the issues involved or the manner in which it gives its answer. "This latitude extends to the Supreme Court's restatement of the issue or issues . . . ." *Washburn v. Rabun*, 755 F.2d 1404, 1406 (11th Cir. 1985). To assist the Florida Supreme Court in considering this question, the record in this case and the parties' briefs shall be transmitted to the court.

**QUESTION CERTIFIED**.