850 So.2d 462 (2003)
PEPPER'S STEEL & ALLOYS, INC., et al., Appellants,
v.
UNITED STATES of America, et al., Appellees.
No. SC02-971.
Supreme Court of Florida.
June 12, 2003.
*463 Richard M. Bales, Jr. of Bales & Sommers, P.A., Miami, Florida; and Cindy L. Ebenfeld and Ralph O. Anderson of Hicks, Anderson & Kneale, P.A., Hollywood, FL, for Appellants.
Richard L. Wassenberg of Ponzoli, Wassenberg, Miami, FL; and Walter J. Andrew, pro hac vice, and Edward J. Grass, pro hac vice, of Shaw Pittman LLP, McLean, Virginia, for Appellees.
PER CURIAM.
We review a question of Florida law that the United States Court of Appeals for the Eleventh Circuit certified as determinative of a cause pending in that court for which there appears to be no controlling precedent. The Eleventh Circuit certified the following question:

*464 UNDER SECTION 627.428 OF THE FLORIDA STATUTES, IS AN INSURED ENTITLED TO AN AWARD OF ATTORNEYS' FEES INCURRED IN ENFORCING A SETTLEMENT AGREEMENT AGAINST AN INSURER?
United States v. Pepper's Steel & Alloys, Inc., 289 F.3d 741, 744 (11th Cir.2002). We have jurisdiction. See art. V, § 3(b)(6), Fla. Const. At the Eleventh Circuit's invitation, we rephrase the question slightly to conform to the particular circumstances of this case, as follows:
IS AN INSURED ENTITLED TO ATTORNEYS' FEES UNDER SECTION 627.428, FLORIDA STATUTES, FOR LITIGATING, DURING A LAWSUIT TO DETERMINE COVERAGE UNDER AN INSURANCE POLICY, WHETHER THE INSURED AND THE INSURER SETTLED THE COVERAGE ISSUE?
As explained below, we answer the rephrased certified question in the affirmative.

I.
The Eleventh Circuit's opinion explains the relevant facts. After the United States sued to recover remediation costs arising from an allegedly polluted site, Pepper's Steel and Alloys, Inc. (Pepper's Steel) demanded coverage from United States Fidelity and Guaranty Company (USF & G), which had issued an insurance policy covering the site. United States v. Pepper's Steel & Alloys, Inc., 289 F.3d 741, 742 (11th Cir.2002). In 1991, USF & G orally offered to settle for $2 million. In October 1993, after a decision of this Court drastically reduced USF & G's exposure, Pepper's Steel accepted the offer. USF & G claimed that its offer had been rejected or had lapsed. The district court held that the settlement agreement was valid. Under the district court's order, each party had to bear its own costs and attorneys' fees. Id.
USF & G appealed and Pepper's Steel cross-appealed, seeking attorneys' fees. 289 F.3d at 742. The Eleventh Circuit affirmed the district court's finding of a binding settlement agreement, but remanded for consideration of Pepper's Steel's claim for attorneys' fees under section 627.428, Florida Statutes (1993). Although the Eleventh Circuit noted that the settlement agreement foreclosed any claim for fees incurred before October 22, 1993, the court stated that if Pepper's Steel was "seeking an award of fees incurred after October 22, 1993, in connection with [its] motion to enforce the agreement, then [it] may have a viable claim. Since these fees were incurred post-agreement, we cannot assume the parties compromised them in their settlement." Pepper's Steel & Alloys, 289 F.3d at 742 (quoting United States v. Pepper's Steel & Alloys, Inc., 87 F.3d 1329 (table) (No. 94-5187, 11th Cir. May 31, 1996)).
On remand, the district court concluded that section 627.428 did not permit Pepper's Steel to recover attorneys' fees. 289 F.3d at 742. Although the court acknowledged that Florida law permits an insured to recover fees incurred in reaching a settlement, the court held that Florida law does not permit Pepper's Steel to recover fees incurred in enforcing the settlement agreement. Id.
Pepper's Steel appealed. Unable to reconcile conflicting language in Travelers Indemnity Co. of America v. Morris, 390 So.2d 464 (Fla. 3d DCA 1980), and Bankers Security Insurance Co. v. Brady, 765 So.2d 870 (Fla. 5th DCA 2000), the Eleventh Circuit asks us to determine whether section 627.428, Florida Statutes, allows an award of attorneys' fees to an insured who successfully argues that the insurer agreed *465 to settle the coverage issue in that litigation.

II.
Under Florida law, each party generally bears its own attorneys' fees unless a contract or statute provides otherwise. Florida Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1148 (Fla.1985); see also State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832 (Fla.1993) ("This Court has followed the `American Rule' that attorney's fees may be awarded by a court only when authorized by statute or by agreement of the parties."). This case involves one such statute, section 627.428. That statute provides in relevant part:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
Section 627.428 "direct[s] the courts to assess attorney fees against only one side of the litigation in certain types of actions." Rowe, 472 So.2d at 1148; see also Danis Indus. Corp. v. Ground Improvement Techniques, Inc., 645 So.2d 420, 421 (Fla. 1994) ("Here, the statute is a one-way street offering the potential for attorneys' fees only to the insured or beneficiary."). As we have said, the statute's purpose "is to discourage insurance companies from contesting valid claims, and to reimburse insureds for their attorney's fees incurred when they must enforce in court their contract with the insurance company." Bell v. U.S.B. Acquisition Co., 734 So.2d 403, 411 n. 10 (Fla.1999). Section 627.428 must be strictly construed because an award of attorneys' fees is in derogation of common law. Roberts v. Carter, 350 So.2d 78, 78-79 (Fla.1977).
The statute clearly provides that attorneys' fees shall be awarded against the insurer when judgment is rendered in favor of an insured. Palma, 629 So.2d at 832. In Florida, the payment of a settlement claim is the functional equivalent of a confession of judgment or a verdict in favor of the insured. Wollard v. Lloyd's & Cos. of Lloyd's, 439 So.2d 217, 218-19 (Fla. 1983). Therefore, as the Eleventh Circuit recognized, in Florida an insured may recover attorneys' fees incurred in reaching a settlement. See Pepper's Steel & Alloys, 289 F.3d at 743.
This case presents a slightly different question: whether the insured may recover attorneys' fees incurred in determining whether a valid settlement agreement exists at all. We hold that it may. In this case, Pepper's Steel originally sued to obtain coverage under its insurance policy. Pepper's Steel alleged that during the lawsuit, the parties settled. USF & G contested this allegation. Pepper's Steel therefore was forced to litigate that issue. The district court agreed with Pepper's Steel. Under the statute, Pepper's Steel, an insured, obtained "rendition of a judgment or decree" by a court of this state[1] against an insurer "under a policy or contract executed by the insurer." Section 627.428 provides for fees awardable to the insured's attorney "prosecuting the suit in which the recovery is had" (emphasis added). *466 Because this suit arose under the policy USF & G issued to Pepper's Steel, it is within the scope of section 627.428. Moreover, it would be incongruous to permit fees incurred in reaching a settlement agreement, but not to allow fees to determine whether the parties reached a binding settlement in the first place.
Our decision in Insurance Co. of North America v. Lexow, 602 So.2d 528 (Fla. 1992), supports this conclusion. In Lexow, the Eleventh Circuit asked this Court to decide whether the phrase "under a policy or contract" in section 627.428 includes litigation commenced after the insurer has paid the insured its policy limits to determine whether the insured or the subrogated insurer is entitled to funds recovered from the tortfeasor. 602 So.2d at 530. We held that it did, reasoning that resolution of the dispute over who was entitled to the monies recovered against the tortfeasor ultimately determined whether the claim was fully paid under the policy. Id. at 531. We emphasized that the dispute arose under the policy, stating, "There is little difference between paying an insurance claim and then suing for its return and refusing to pay the claim in the first place." Id. Likewise in this case, the dispute arose under an insurance policy. Therefore, we find that the scope of section 627.428 includes litigation in the same case to determine whether the parties reached a binding settlement.
In considering this issue, the Eleventh Circuit found it difficult to reconcile Morris, 390 So.2d at 464, and Brady, 765 So.2d at 870. We therefore discuss those cases to determine their relevance to the issue in this case. In Morris, the insured secured a judgment against Travelers on a personal injury protection insurance claim. The trial court awarded attorneys' fees under section 627.428. The Third District Court of Appeal affirmed the judgment and fee award. See Travelers Indem. Co. v. Morris, 360 So.2d 1262 (Fla. 3d DCA 1978). The trial court later awarded $2500 for additional postjudgment services the insured's counsel rendered in the trial court. The Third District reversed that award. Noting that the fee represented payment for (a) securing payment of the PIP benefits the judgment required and (b) settling the record of unreported prejudgment proceedings for use in the initial appeal, the Third District found that the clear terms of section 627.428 "permit fees only for services involved in obtaining a judgment against a carrier, and not for those required to effect compliance with, collection of, or execution upon that judgment." Morris, 390 So.2d at 465.
In Brady, Bankers Insurance covered the insured's home under a homeowners' policy. 765 So.2d at 871. A lightning strike and fire damaged the home. Bankers retained an independent adjustor and the insured retained a public adjustor to determine the amount of damages due under the policy. According to the insured, the adjustors reached an agreement that the loss totaled $65,000. The adjustor for Bankers later informed the insured's adjustor that a new adjustor had assumed responsibility for the claim. The insured sued, alleging breach of the oral settlement. Based on the adjustors' depositions, the trial court ruled that the initial adjustor for Bankers had settlement authority and therefore the parties had entered into a verbal agreement determining the amount of damage. 765 So.2d at 871-72. The Fifth District affirmed. Id. at 873.
The result in Brady is consistent with our approach in this case. Here, as in Brady, the insured expended its attorneys' fees in obtaining a judgment against the insurer and in litigating whether the parties had entered into a binding settlement. *467 We approve that decision. In contrast, in reaching its decision in Morris, the Third District relied on Lee v. Government Employees Insurance Co., 388 So.2d 346 (Fla. 1st DCA 1980), and Bohlinger v. Higginbotham, 70 So.2d 911 (Fla.1954). Neither case, however, supports the conclusion reached in Morris. In Lee, the First District concluded that a different statutesection 627.427(2), Florida Statutes (1979)did not authorize attorneys' fees and costs incurred after rendition of a judgment. That statute addressed procedures for revoking an insurer's certificate of insurance. While Bohlinger involved a predecessor statute to section 627.428, the case dealt with the issue of whether the statute applied to an action involving the liquidation of an insurance company. Because we can find no support for the holding in Morris, we disapprove that case to the extent it conflicts with this decision.
Based on the discussion above, we hold that, where an insured sues its insurer for coverage under a policy and the parties later contest whether they have reached a settlement, section 627.428 allows a prevailing insured to be awarded the attorneys' fees incurred in litigating that issue.
It is so ordered.
ANSTEAD, C.J., WELLS, PARIENTE, QUINCE and CANTERO, JJ., and SHAW, Senior Justice, concur.
LEWIS, J., recused.
NOTES
[1] USF & G has not argued that a United States district court located in Florida is not a court of this state as provided in section 627.428.