[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 01-11249

FILED

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 21, 2003
THOMAS K. KAHN
CLERK**

D. C. Docket No. 85-00571-CV-AJ

UNITED STATES OF AMERICA,

Plaintiff,

versus

PEPPER'S STEEL & ALLOYS, INC.,

Defendant,
Cross-Defendant,
Third-Party Plaintiff,
Appellant,
Cross-Appellee,

FLORIDA POWER & LIGHT COMPANY,

Defendant,
Cross-Defendant,

NORTON BLOOM,

Defendant,
Third-Party-Plaintiff,
Appellant,
Cross-Appellee,

THOMAS A. CURTIS, WILLIAM PAYNE,
FLORA PAYNE, LOWEL PAYNE,

Defendants,

HOME INSURANCE COMPANY, MIAMI BATTERY

MANUFACTURING COMPANY, TRANSPORTATION
INSURANCE CO., CONTINENTAL CASUALTY
COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S
LONDON, London and Insurance Companies
subscribing to twenty-two policies numbered
inclusively L116-8, L1024-27, L1209-12,
C116-18, C1024-27, and C1209-12 (Wallis and
Companies) a.k.a. London Market Insurers,
LEXINGTON INSURANCE COMPANY,

Third-Party Defendants,

UNITED STATES FIDELITY AND GUARANTY COMPANY,

Third-Party Defendant,
Appellee,
Cross-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(October 21, 2003)**

Before BIRCH and WILSON, Circuit Judges, and DOWD[*], District Judge.

PER CURIAM:

Pepper's Steel & Alloys, Inc. and Norton Bloom appealed the district

court's order denying their petition for attorneys' fees incurred in seeking to

_____

[*]Honorable David D. Dowd, Jr., United States District Judge for the Northern District of
Ohio, sitting by designation.

enforce a settlement agreement with United States Fidelity and Guaranty Co.[1]  We issued an opinion in this case on April 25, 2002, in which we certified the following question to the Florida Supreme Court:  "UNDER SECTION 627.428 OF THE FLORIDA STATUTES, IS AN INSURED ENTITLED TO AN AWARD OF ATTORNEYS' FEES INCURRED IN ENFORCING A SETTLEMENT AGREEMENT AGAINST AN INSURER?"  *United States v. Pepper's Steel & Alloys, Inc.*, 289 F.3d 741, 744 (11th Cir. 2002) (per curiam).  The Florida Supreme Court rephrased the certified question as follows:  "IS AN INSURED ENTITLED TO ATTORNEYS' FEES UNDER SECTION 627.428, FLORIDA STATUTES, FOR LITIGATING, DURING A LAWSUIT TO DETERMINE COVERAGE UNDER AN INSURANCE POLICY, WHETHER THE INSURED AND THE INSURER SETTLED THE COVERAGE ISSUE?"  *Pepper's Steel & Alloys, Inc. v. United States*, 850 So. 2d 462, 464 (Fla. 2003) (per curiam).  It then answered the rephrased question in the affirmative, holding that "where an insured sues its insurer for coverage under a policy and the parties later contest whether they have reached a settlement, section 627.428 allows a prevailing insured to be awarded the attorneys' fees incurred in litigating that issue."  *Id.* at 467.  In light of

---

[1]United States Fidelity and Guaranty Co. cross-appeals, asserting that the fee petition was deficient and untimely.  As that argument lacks merit, we decline to address it herein.

3

that holding, we VACATE the district court's order denying the petition for attorneys' fees as it pertains to Pepper's Steel and Bloom[2] and REMAND this case for further proceedings consistent with this opinion.

---

[2]Several other insureds joined Pepper's Steel and Bloom's petition for attorney's fees before the district court. As they did not appeal the district court's order, we do not have jurisdiction to grant them relief. *See Zipperer ex rel. Zipperer v. Sch. Bd. of Seminole County,* 111 F.3d 847, 849 (11th Cir. 1997) ("If a party fails to file a timely notice of appeal, the appellate court is without jurisdiction to hear the appeal.").