348 F.3d 964
 UNITED STATES of America, Plaintiff,
v.
PEPPER'S STEEL & ALLOYS, INC., Defendant, Cross-Defendant, Third-Party Plaintiff, Appellant, Cross-Appellee,
Florida Power & Light Company, Defendant, Cross-Defendant,
Norton Bloom, Defendant, Third-Party-Plaintiff, Appellant, Cross-Appellee,
Thomas A. Curtis, William Payne, Flora Payne, Lowel Payne, Defendants,
Home Insurance Company, Miami Battery Manufacturing Company, Transportation Insurance Co., Continental Casualty Company, Certain Underwriters at Lloyd's London, London and Insurance Companies subscribing to twenty-two policies numbered inclusively L116-8, L1024-27, L1209-12, C116-18, C1024-27, and C1209-12 (Wallis and Companies) a.k.a. London Market Insurers, Lexington Insurance Company, Third-Party Defendants,
United States Fidelity and Guaranty Company, Third-Party Defendant, Appellee, Cross-Appellant.
 No. 01-11249.
 United States Court of Appeals, Eleventh Circuit.
 DECIDED October 21, 2003.
 
 Cindy Lea Ebenfeld, Ralph Oliver Anderson, Hicks, Anderson & Kneale, P.A., Hollywood, FL, Richard M. Bales, Jr., Miami, FL, Walter J. Andrews, Washington, DC, for Pepper's Steel & Alloys, Inc. and Bloom.
 Richard L. Wassenberg, Ponzoli, Wassenberg & Sperkacz, P.A., Miami, FL, for U.S. Fidelity & Guaranty Co.
 Appeal from the United States District Court for the Southern District of Florida.
 Before BIRCH and WILSON, Circuit Judges, and DOWD*, District Judge.
 PER CURIAM:
 
 
 1
 Pepper's Steel & Alloys, Inc. and Norton Bloom appealed the district court's order denying their petition for attorneys' fees incurred in seeking to enforce a settlement agreement with United States Fidelity and Guaranty Co.[1] We issued an opinion in this case on April 25, 2002, in which we certified the following question to the Florida Supreme Court: "UNDER SECTION 627.428 OF THE FLORIDA STATUTES, IS AN INSURED ENTITLED TO AN AWARD OF ATTORNEYS' FEES INCURRED IN ENFORCING A SETTLEMENT AGREEMENT AGAINST AN INSURER?" United States v. Pepper's Steel & Alloys, Inc., 289 F.3d 741, 744 (11th Cir. 2002) (per curiam). The Florida Supreme Court rephrased the certified question as follows: "IS AN INSURED ENTITLED TO ATTORNEYS' FEES UNDER SECTION 627.428, FLORIDA STATUTES, FOR LITIGATING, DURING A LAWSUIT TO DETERMINE COVERAGE UNDER AN INSURANCE POLICY, WHETHER THE INSURED AND THE INSURER SETTLED THE COVERAGE ISSUE?" Pepper's Steel & Alloys, Inc. v. United States, 850 So.2d 462, 464 (Fla.2003) (per curiam). It then answered the rephrased question in the affirmative, holding that "where an insured sues its insurer for coverage under a policy and the parties later contest whether they have reached a settlement, section 627.428 allows a prevailing insured to be awarded the attorneys' fees incurred in litigating that issue." Id. at 467. In light of that holding, we VACATE the district court's order denying the petition for attorneys' fees as it pertains to Pepper's Steel and Bloom[2] and REMAND this case for further proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 *
 Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 United States Fidelity and Guaranty Co. cross-appeals, asserting that the fee petition was deficient and untimely. As that argument lacks merit, we decline to address it herein
 
 
 [2]
 Several other insureds joined Pepper's Steel and Bloom's petition for attorney's fees before the district court. As they did not appeal the district court's order, we do not have jurisdiction to grant them reliefSee Zipperer ex rel. Zipperer v. Sch. Bd. of Seminole County, 111 F.3d 847, 849 (11th Cir. 1997) ("If a party fails to file a timely notice of appeal, the appellate court is without jurisdiction to hear the appeal.").