899 So.2d 331 (2005)
Karla STEWART, Appellant,
v.
MIDLAND LIFE INSURANCE CO., Appellee.
No. 2D03-5186.
District Court of Appeal of Florida, Second District.
February 25, 2005.
Rehearing Denied April 22, 2005.
*332 Julian A. Sanchez of Julian A. Sanchez, P.A., Tampa, for Appellant.
Wm. Jere Tolton, III, and Timon V. Sullivan of Ogden & Sullivan, P.A., Tampa, for Appellee.
WHATLEY, Judge.
Karla Stewart appeals a final summary judgment finding that Midland Life Insurance Company was not liable for her attorney's fees pursuant to section 627.428, Florida Statutes (2001). We reverse.
Stewart's husband, Gregory Stewart, was insured under a life insurance policy issued by Midland. Stewart was the beneficiary of the policy. Gregory Stewart died on November 3, 2001. His death occurred within the two-year contestable period in the policy. See § 627.607, Fla. Stat. (2001). Following her husband's death, Stewart submitted a completed proof of loss form[1] together with a certified copy of the death certificate, an authorization for the release of medical records, and the original policy of life insurance. Midland received these documents via certified mail on January 15, 2002.
After receipt of the proof of loss form and related documents, no payment was forthcoming within sixty days. Further, after the receipt of such documents, Midland made no additional requests for information from Stewart. Eighty-six days after the proof of loss was received by Midland, Stewart filed a complaint seeking damages and attorney's fees. Six days after the complaint was filed, but before service of process, Midland sent payment to Stewart.[2]
Midland and Stewart filed competing motions for summary judgment, which were both denied. Thereafter, Midland filed a renewed motion for summary judgment arguing that under these facts, attorney's fees could not be awarded pursuant to section 627.428. The trial court agreed and entered final summary judgment for Midland.
Section 627.428 provides:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any *333 named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
(2) As to suits based on claims arising under life insurance policies or annuity contracts, no such attorney's fee shall be allowed if such suit was commenced prior to expiration of 60 days after proof of the claim was duly filed with the insurer. (3) When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.
(emphasis added).
Midland's renewed motion for summary judgment contended that payment of the life insurance benefits did not constitute the substantial equivalent of a confession of judgment. This premise has been decided adversely to Midland's position. In Cincinnati Insurance Co. v. Palmer, 297 So.2d 96, 99 (Fla. 4th DCA 1974), the court held:
[I]t is neither reasonable nor just that an insurer can avoid liability for statutory attorney's fees by the simple expedient of paying the insurance proceeds to the insured or the beneficiary at some point after suit is filed but before final judgment is entered, thereby making unnecessary the entry of a judgment.. . . We think the statute must be construed to authorize the award of an attorney's fee to an insured or beneficiary under a policy or contract of insurance who brings suit against the insurer after the loss is payable even though technically no judgment for the loss claimed is thereafter entered favorable to the insured or beneficiary due to the insurer voluntarily paying the loss before such judgment can be rendered. After all, such voluntary payment by the insurer is the equivalent of a confession of judgment against it.
See also Ivey v. Allstate Ins. Co., 774 So.2d 679, 684-85 (Fla.2000) (holding that when the insurer pays the claim after the lawsuit has been filed, the payment operates as a confession of judgment and entitles the insured to attorney's fees); Wollard v. Lloyd's & Companies of Lloyd's, 439 So.2d 217, 218 (Fla.1983) ("Requiring the plaintiff to continue litigation in spite of an acceptable offer of settlement merely to avoid having to offset attorney's fees against compensation for the loss puts an unnecessary burden on the judicial system, fails to protect any interest  the insured's, the insurer's or the public's  and discourages any attempt at settlement. This literal requirement of the statute exalts form over substance to the detriment of public policy, and such a result is clearly absurd."). We conclude that the fact Midland was unaware of the lawsuit at the time of payment does not defeat Midland's obligation to pay attorney's fees.
Midland also asserts that it never denied the insurance claim, and therefore, it was not necessary for Stewart to file a complaint to enforce her rights under the contract. We disagree. A beneficiary's need for policy proceeds is often acute. How long was Stewart's counsel to wait without payment before suit was filed? Under section 627.428, it was appropriate to file suit and seek attorney's fees after the applicable sixty-day period had passed.
We therefore reverse the final summary judgment for Midland and remand the *334 cause for the trial court to enter summary judgment in favor of Stewart.
Reversed and remanded.
DANAHY, PAUL W., Senior Judge, concurs.
ALTENBERND, C.J., concurs in part and dissents in part.
ALTENBERND, Chief Judge, concurring in part and dissenting in part.
I agree that the trial court's reasoning in entering summary judgment in favor of Midland Life Insurance Company was incorrect and that this case should be remanded for reconsideration. I disagree that Mrs. Stewart is entitled to a summary judgment. Indeed, on remand I doubt that she can prove an entitlement to attorneys' fees.
Section 627.428(2), Florida Statutes (2001), does not create any right to attorneys' fees if a claim is unpaid after sixty days. Instead, it prohibits an award of fees if a lawsuit on such a claim is commenced prior to the expiration of the sixty-day period. It is well-established that this statute must be strictly construed. See Travelers Indem. Co. v. Chisholm, 384 So.2d 1360, 1361 (Fla. 2d DCA 1980). Thus, to recover fees, Mrs. Stewart must prevail in an action alleging some cause of action against the insurance company. She has not prevailed in this action, and I am not convinced that she will be able to prevail.
Gregory Stewart died on November 3, 2001. At that time he was insured under a group life insurance policy with Midland.[3] Although the funeral home notified Midland of this death, Mrs. Stewart did not promptly submit a claim to Midland. Thus, Midland's claims examiner in Jacksonville, Florida, wrote to Mrs. Stewart on December 11, 2001, and January 4, 2002, affirmatively requesting that she file a sufficient proof of loss. The letters pointed out that the death had occurred during the period of contestability and that additional information might be needed to make a final claim decision. As the majority points out, Midland received the initial proof of loss information from Mrs. Stewart in mid-January 2002.
Midland's group policy provides that it will pay a claim upon receipt of a "satisfactory proof of claim." It explains that "[s]atisfactory proof of claim shall also include any other information that we, in our opinion, may require to establish the validity of the claim." This provision is obviously designed to allow the insurance company to obtain additional information for claims that can be contested. No one has argued that this language is prohibited by the Florida Statutes regulating group life insurance policies. See § 627.551-.575, Fla. Stat. (2001). There do not appear to be any statutory definitions of "proof of claim" or "satisfactory proof of claim" that would control.[4] The policy does not state that Midland will pay claims within sixty days. I cannot find, and the parties have not cited, any statute making it a breach of contract or statutory violation for a life insurance company to take more than sixty days from any specific point in time to process a claim.
After Midland received the initial proof of claim, it took additional steps to obtain *335 Mr. Stewart's medical records. Perhaps it could have obtained those records more rapidly, but they arrived in March. Midland never denied the claim or even suggested that it intended to deny the claim. On April 17, 2002, Midland finished processing this claim and sent Mrs. Stewart a check for the full amount of the policy plus all postmortem interest. She deposited that check in her bank account.
While Midland's claims examiner in Jacksonville was processing this claim, Mrs. Stewart retained an attorney who sent a request to a claims specialist in Tampa on April 2, 2002. The letter demanded payment within ten days. The attorney filed this lawsuit nine days later on April 11, 2002. The lawsuit was not rapidly served or mailed to Midland, and Midland paid this claim without knowledge that the lawsuit had been filed.
Although the short complaint attempts to allege a breach of contract, I doubt that it successfully alleges any cause of action. It does not allege that Midland rejected or denied the proof of claim or that it refused to pay the claim. It merely alleges that Midland "failed and refused to honor its obligations under the policy" without explaining which provision within the policy was breached by Midland. Thus, in reality, this lawsuit has been exclusively a claim for attorneys' fees without any underlying legal theory upon which Mrs. Stewart can prevail.
I agree that the express language of section 627.428(2) prohibits an award of fees if a claimant commences a lawsuit prior to the expiration of sixty days from the filing of a "proof of claim" with the insurance company. The majority, however, is not reading this statute strictly but is liberally construing it to create a cause of action for fees if an insurance company takes sixty-one days or longer to process a proof of claim submitted during the period of contestability. The legislature probably could create such a cause of action, but it has not done so in section 627.428.
The purpose of section 627.428 is "to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they were compelled to defend or sue to enforce their insurance contracts." Ins. Co. of N. Am. v. Lexow, 602 So.2d 528, 531 (Fla.1992). Attorneys' fees should not be awarded where there is no valid dispute and where the insurer is not contesting or has not denied coverage. See Mfrs. Life Ins. Co. v. Cave, 295 So.2d 103 (Fla.1974); Equitable Life Assurance Soc'y. v. Nichols, 84 So.2d 500 (Fla.1956) (involving the predecessor statute to section 627.481); Lachance v. Sagumeri, 537 So.2d 665 (Fla. 4th DCA1989); Lumbermens Mut. Ins. Co. v. Am. Arbitration Ass'n, 398 So.2d 469 (Fla. 4th DCA 1981). Before Mrs. Stewart can "prevail" in this lawsuit and recover attorneys' fees as permitted by section 627.428, I conclude that she must first prove that Midland either breached obligations owed to her under her husband's group life insurance contract, or perhaps that Midland violated some relevant insurance regulation that required the claim to be processed within a specific time. Cf. § 627.736(4)(b), Fla. Stat. (2001) (PIP benefits are overdue if not paid within thirty days of written notice).
Accordingly, I would reverse and remand for further proceedings in which Mrs. Stewart would be entitled to fees only if she established her status as a prevailing party on a recognized cause of action.
NOTES
[1] The proof of loss form was provided to Stewart by Midland.
[2] Stewart negotiated the payment check.
[3] Apparently, Midland merged into Reassure America Life Insurance Company prior to Mr. Stewart's death. This has complicated service of process in this case and may result in the wrong insurance company being identified in the style of the case.
[4] As a result of this, there may be a question of fact as to when the sixty-day period in section 627.428(2) commenced.