864 So.2d 1126 (2003)
FLORIDA INSURANCE GUARANTY ASSOCIATION, INC., successor to Reliance Insurance Co., Appellant,
v.
ALL THE WAY WITH BILL VERNAY, INC., and North American Van Lines, Inc., Appellees.
Nos. 2D03-563, 2D03-1763.
District Court of Appeal of Florida, Second District.
December 31, 2003.
*1127 Rebecca O'Dell Townsend of Haas, Dutton, Blackburn, Lewis & Longley, P.L., Tampa, for Appellant.
Jerome A. Pivnik of Pivnik & Nitsche, P.A., Miami, for Appellees.
VILLANTI, Judge.
Florida Insurance Guaranty Association, Inc. (FIGA), challenges two judgments awarding attorney's fees and costs against it and in favor of All the Way with Bill Vernay, Inc., and North American Van Lines, Inc. (collectively "Vernay"). FIGA raises numerous reasons why these judgments are improper; however, we need address only one. Because the fee awards do not qualify as "covered claims" under chapter 631, Florida Statutes (2002), we reverse.
On April 28, 2000, Michael Linkous sued Vernay for breach of contract, civil theft, and "insect infestation" arising out of Vernay's storage of Linkous's personal property ("the underlying action"). Vernay, in turn, demanded that its insurer, Reliance Insurance Company, defend the underlying action and indemnify Vernay for any judgment against it. Reliance denied coverage and refused to defend Vernay. Vernay then retained its own counsel to defend the underlying action.
*1128 Shortly thereafter, Vernay filed a declaratory judgment action against Reliance seeking a judicial determination as to whether Vernay's policies with Reliance provided coverage for Linkous's claims and whether Reliance had a duty to defend Vernay in the underlying action. In the declaratory judgment action, Vernay alleged that it was entitled to both coverage and a defense in the underlying action and that Reliance had breached the terms of its insurance policies by refusing to defend Vernay.
While both actions were pending, Reliance was declared insolvent, and FIGA was substituted as its successor in the declaratory judgment action pursuant to section 631.58, Florida Statutes (2002). When FIGA was substituted, the trial court imposed a stay of litigation pursuant to section 631.67 in the declaratory judgment action. Despite the provisions of section 631.67, no such stay was imposed in the underlying action.
While the proceedings were stayed in the declaratory judgment action, Vernay and Linkous proceeded to arbitration in the underlying action as required by the terms of the storage contract between them. Ultimately, the arbitrator ruled in favor of Vernay on procedural grounds, and the trial court subsequently confirmed the arbitration award. As a result, no judgment was entered against Vernay in the underlying action. However, Vernay incurred substantial attorney's fees and costs in obtaining this favorable ruling in the underlying action.
After the underlying action was concluded, Vernay filed a motion for summary judgment in the declaratory judgment action, seeking a ruling that Reliance's failure to defend Vernay in the underlying action constituted a breach of its insurance policies. After a hearing, the trial court held that Reliance had a duty to defend Vernay in the underlying action and had breached that duty. However, the trial court deferred a decision concerning the remedy for the breach and whether FIGA, as successor to Reliance, was legally responsible for any remedy ordered.
On December 16, 2002, the trial court held a hearing regarding Vernay's assertion that Reliance was obligated to pay Vernay's attorney's fees and costs incurred in defending the underlying action as damages for Reliance's breach of contract. Vernay pointed out that the trial court had already determined that Reliance had a contractual obligation to defend Vernay and that, because of Reliance's breach of that obligation, Vernay had been forced to pay for its own defense. Thus, the measure of Vernay's damages for Reliance's breach of contract was Vernay's attorney's fees and costs incurred in the underlying action. Vernay also argued that FIGA, as Reliance's statutory successor, stepped into Reliance's shoes and thus was responsible to pay the damages Reliance would otherwise owe.
In response, FIGA argued that it was not responsible for paying the attorney's fees Reliance would have owed as damages because those fees did not constitute a covered claim under the FIGA statute. After considering these arguments, the trial court awarded Vernay $15,427 in attorney's fees and costs against FIGA as damages for Reliance's breach of its insurance policies. FIGA appealed this judgment for fees and costs in case number 2D03-563.
Shortly after that ruling, Vernay filed a motion seeking an award of its attorney's fees and costs in prosecuting the declaratory judgment action. Vernay asserted that because FIGA had affirmatively denied coverage for both the claim and the attorney's fees in the underlying action and because the trial court had found that there was, in fact, coverage, Vernay was *1129 entitled to an award of attorney's fees for prosecuting the declaratory judgment action pursuant to sections 631.70 and 627.428, Florida Statutes (2002). FIGA argued that it did not affirmatively deny coverage for Linkous's claim and, in fact, could not have denied coverage since the underlying action was fully resolved before the mandatory stay elapsed. FIGA also argued that its efforts to contest responsibility for the damages for Reliance's breach of contract could not be considered an affirmative denial of a covered claim. At the close of the hearing, the trial court awarded Vernay an additional $3000 in attorney's fees for prosecuting the declaratory judgment action. FIGA appealed this judgment for fees and costs in case number 2D03-1763. This court consolidated these appeals, and we now reverse both judgments.
As an initial matter, we agree with Vernay that Reliance was legally responsible for the attorney's fees and costs Vernay incurred in defending the underlying action. The law is well established that when an insurer unjustifiably refuses to defend its insured, the insurer is liable to the insured for the reasonable attorney's fees and other expenses incurred in defending the action brought by the third party as damages for the breach of contract. Thomas v. W. World Ins. Co., 343 So.2d 1298, 1303 n. 3 (Fla. 2d DCA 1977) (holding that when an insurer's refusal to defend is unjustified, the insurer is liable for attorney's fees and other costs incurred in the underlying action); Preuss v. United States Fire Ins. Co., 414 So.2d 249, 250 (Fla. 4th DCA 1982) ("Attorneys fees constitute an element of damage recoverable by an indemnitee when his insurance company wrongfully fails to defend."); see also Cont'l Cas. Co. v. City of S. Daytona, 807 So.2d 91, 93 (Fla. 5th DCA 2002) (holding that Continental's failure to defend its insured entitled the insured to recover reasonable attorney's fees incurred in the defense of the claim); MCO Envtl., Inc. v. Agric. Excess & Surplus Ins. Co., 689 So.2d 1114, 1116 (Fla. 3d DCA 1997) (holding that if an insurance company breaches its contractual duty to defend, the insured is entitled to the damages that flow from that breach, including attorney's fees and costs incurred in defending the underlying action); Seitlin & Co. v. Phoenix Ins. Co., 650 So.2d 624, 626 (Fla. 3d DCA 1994) (same).
In this case, the trial court found that Reliance had breached its duty to defend Vernay in the underlying action. Accordingly, Vernay was entitled to recover the damages reasonably flowing from this breach against Reliance, which, in this case, were the attorney's fees and costs incurred in defending the underlying action. However, in this case, Vernay did not seek a judgment against Reliance for those damages. Rather, Vernay sought and obtained a judgment against FIGA for the damages. Thus, the question in this appeal is whether FIGA, as the successor to Reliance, is responsible for attorney's fees and costs awarded as damages for an insurer's breach of contract when that breach occurred long before FIGA was involved in the case.
In support of the trial court's judgments, Vernay argues that FIGA simply steps into the shoes of the insolvent insurer and is obligated to the same extent as that insurer would be. Thus, according to Vernay, FIGA simply steps into Reliance's shoes and is responsible for the damages flowing from Reliance's breach of contract. However, this argument misinterprets the extent of FIGA's obligations.
FIGA is strictly a creature of statute. See § 631.55 (creating FIGA as a nonprofit corporation that shall have the powers and duties defined by section *1130 631.57). Therefore, the statutory language defines the extent of FIGA's obligations. FIGA is not responsible for claims against an insurer that do not fall within FIGA's statutory obligations.
Under section 631.57(1)(a), FIGA is obligated "to the extent of the covered claims existing" prior to adjudication of insolvency and within a specified period after insolvency. In addition, under section 631.57(1)(b), FIGA shall "[b]e deemed the insurer to the extent of its obligation on the covered claims." Thus, FIGA is responsible for the damages otherwise owed by Reliance only if those damages constitute a covered claim as defined by chapter 631.
Section 631.54(3) defines covered claim:
"Covered claim" means an unpaid claim, including one of unearned premiums, which arises out of, and is within the coverage, and not in excess of, the applicable limits of an insurance policy to which this part applies, issued by an insurer, if such insurer becomes an insolvent insurer after October 1, 1970, and the claimant or insured is a resident of this state at the time of the insured event or the property from which the claim arises is permanently located in this state.
(Emphasis added.) Under the plain language of the statute, to be a covered claim, the claim must both "arise out of" the insurance policy and be "within the coverage of" the insurance policy.
In this case, there is no dispute that the attorney's fees and costs constituting the damages award for Reliance's breach of its own duty to defend "arise out of" the insurance policy. However, this damages award is not "within the coverage of" the policy. The only possible source of coverage is the "supplemental payments" provisions of Vernay's policies with Reliance. The supplemental payments provisions of both Vernay's commercial general liability policy and its inland marine policy state that Reliance will pay all expenses that it incurs in defending actions. In addition, the provisions provide that Reliance will pay all reasonable expenses incurred by the insured at Reliance's request. This court has held that this latter portion of the supplementary payments provision means that the insurer will pay for "expenses that it had authorized and over which it had control." Steele v. Kinsey, 801 So.2d 297, 299 (Fla. 2d DCA 2001). Thus, if the insurer has not expressly authorized the insured to incur the expense, the expense is not covered under the policy. Id. "The words at issue here, `reasonable expenses incurred at our request,' can only mean that the insurer must request the product or service that incurs the expense." Id. at 300.
In this case, there is no question that Reliance itself did not incur Vernay's attorney's fees and costs in the underlying action. Further, it is clear that Vernay did not incur its attorney's fees and costs in defending the underlying action at the request of either Reliance or FIGA. Therefore, under the plain language of Vernay's policies and the holding of Steele, the attorney's fees and costs incurred by Vernay in defending the underlying action are not "within the coverage of" the insurance policies. Because a claim must both "arise out of" and be "within the coverage of" the policy before it constitutes a covered claim for which FIGA is responsible, the fact that Vernay's damages are not "within the coverage of" the policy means that FIGA cannot be held responsible for those damages. Moreover, because the damages award is not a covered claim as defined, FIGA did not affirmatively deny a covered claim and thus is not responsible for the attorney's fees and costs Vernay incurred *1131 in prosecuting the declaratory judgment action.
Because of the procedural posture of this case, our holding is very narrow. We do not hold that FIGA is not responsible for attorney's fees incurred in defending the insured of an insolvent insurer. We believe that in most instances FIGA is responsible for such fees. However, in this case, Vernay is not seeking an award of attorney's fees. Rather, Vernay is seeking to hold FIGA responsible for a monetary judgment for breach of contract that should have been entered against Reliance. In this limited circumstance, Vernay's only recourse for collecting on this judgment is against Reliance in bankruptcy court.
While we agree with Vernay that this result may seem unfair, we are powerless to rewrite either chapter 631 or the insurance policy provisions to provide reimbursement for these breach of contract damages. Because section 631.54(3) and the provisions of the insurance policies make it clear that Vernay's damages do not constitute a covered claim, we reverse both judgments for attorney's fees and costs against FIGA. The resolution of this issue renders FIGA's other arguments moot.
Reversed.
DAVIS and KELLY, JJ., Concur.