LaROSE, Judge.
Robert Hudson petitions for certiorari review of a nonfinal order denying his motion to stay a lawsuit filed against him by Charles McGovern. Mr. McGovern sued Mr. Hudson for negligence after a fire in Mr. Hudson’s aircraft hangar spread and destroyed Mr. McGovern’s helicopter. We deny the petition but write to address Respondents’ argument that the petition is moot.
Atlantic Preferred Insurance Company (Atlantic) was Mr. Hudson’s insurer at the time of the fire. Atlantic subsequently became insolvent. Accordingly, under the Florida Insurance Guaranty Association Act, Florida Insurance Guaranty Association (FIGA) assumed Atlantic’s obligations to Mr. Hudson. See § 631.57, Fla. Stat. (2006). To give FIGA adequate time to investigate, evaluate, and properly defend a lawsuit against an insured, the statute authorizes a temporary stay of all proceedings that FIGA is obligated to defend.
All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court or before any quasi-judicial body or administrative board in this state shall be stayed for 6 months, or such additional period from the date the insolvency is adjudicated, by a court of competent jurisdiction to permit proper defense by the association of all pending causes of action as to any covered claims; provided that such stay may be extended for a period of time greater than 6 months upon proper application to a court of competent jurisdiction.
§ 631.67. The trial court properly denied the stay; FIGA did not establish that the claim was covered by Mr. Hudson’s policy with Atlantic, nor did it concede an obligation to defend Mr. Hudson. See Fla. Ins. Guar. Ass’n v. All the Way with Bill Vernay, Inc., 864 So.2d 1126, 1128-30 (Fla. 2d DCA 2003) (explaining insurers’ obligation to defend only covered claims). The trial court did not depart from the essential requirements of law, see Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995), and the petition must be denied.
Respondents urge us to dismiss the petition for mootness because the initial six-month stay has expired. This challenge to our certiorari jurisdiction is unconvincing. Although the statute provides FIGA with an automatic stay of six months for covered claims it is obligated to defend, the statute does not limit a stay to six months. To the contrary, on its face, the statute allows for extensions of the stay. We cannot agree that the petition is moot.
Petition denied.
CANADY, J., and THREADGILL, EDWARD F., Senior Judge, Concur.