44 So.3d 1191 (2010)
FLORIDA INSURANCE GUARANTY ASSOCIATION, as court ordered substitute for Florida Preferred Property Insurance Company, Appellant,
v.
Diane PETTY and Kevin Farmer, Appellees.
No. 2D09-3749.
District Court of Appeal of Florida, Second District.
September 29, 2010.
*1192 Dorothy Venable DiFiore and Sarah M. Sorgie of Haas, Lewis, DiFiore & Amos, Tampa, for Appellant.
Bob G. Freemon and Ron A. Hobgood of Freemon & Miller, PA, Tampa, for Appellees.
SILBERMAN, Judge.
Florida Insurance Guaranty Association (FIGA) appeals a final judgment awarding attorney's fees of $29,300 in favor of Diane Petty and Kevin Farmer (collectively "Petty") in Petty's action seeking to enforce an appraisal award concerning damages resulting from Hurricane Charley. FIGA contends that it is not obligated to pay the fee award imposed pursuant to section 627.428, Florida Statutes (2007). It further contends that the Third District's decision in Florida Insurance Guaranty Ass'n v. Soto, 979 So.2d 964 (Fla. 3d DCA 2008), erroneously construed the Florida Insurance Guaranty Association Act to require payment of the statutory fee award as a "covered claim." Because we conclude that the fee award imposed pursuant to section 627.428 is not a "covered claim" under the Florida Insurance Guaranty Association Act, §§ 631.50-.70, Fla. Stat. (2007) (the Act), we reverse the fee award and certify conflict with Soto.
The parties filed competing motions for summary judgment regarding the award of attorney's fees under section 627.428 based on the following facts. At the time of the hurricane damage to Petty's home in August 2004, Florida Preferred Property Insurance Company (Florida Preferred) insured the home. After Petty received partial payment for some of the damages sustained, she demanded an appraisal to resolve the dispute concerning the value of the covered loss. Florida Preferred refused to submit to the appraisal process, and Petty filed suit to compel an appraisal. An appraisal was eventually completed, and the award filed with the court indicated that Florida Preferred owed Petty more money under the policy terms. Petty filed a motion to confirm the award, a motion for entry of a final judgment, and a motion for an award of attorney's fees under section 627.428. Florida Preferred paid more insurance benefits but shortly thereafter became insolvent, and an automatic stay was entered in the lawsuit.
On May 30, 2008, Petty filed a motion to lift the stay, reopen the case, and substitute FIGA as the defendant. FIGA was served with the complaint and, ultimately, the parties stipulated that the only issue that remained unresolved was whether FIGA could be required to pay Petty's attorney's fees and costs incurred in the *1193 litigation with Florida Preferred. Based on this stipulation, FIGA responded to the complaint. There were no factual disputes on this narrow issue, and the parties filed competing motions for summary judgment.
The trial court determined that Florida Preferred's payment of the appraisal award to Petty constituted a confession of judgment by the insurer and thus invoked the mandatory attorney's fee provisions of section 627.428. The court recognized that under section 631.57(1), FIGA was "obligated to the extent of the covered claims" that existed before the adjudication of insolvency. Relying in part upon Soto, the trial court determined that the right to fees under section 627.428 was a covered claim in this case. Therefore, the trial court granted Petty's motion for partial summary judgment and denied FIGA's cross motion for summary judgment. The trial court later entered a final judgment in Petty's favor. The judgment reflects that the parties stipulated to the amount of $29,300 "for all costs and fees awarded pursuant to § 627.428." FIGA timely appealed the final judgment and argues that it was not obligated to pay the fee award imposed pursuant to section 627.428.
Section 627.428(1) provides as follows:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
The award of fees under section 627.428 acts "as a penalty to discourage wrongful refusals to pay policy benefits." Liberty Nat'l Life Ins. Co. v. Bailey ex rel. Bailey, 944 So.2d 1028, 1030 (Fla. 2d DCA 2006). Section 627.428 is in derogation of the common law and thus should be strictly construed. Id.
Section 631.70 of the Act addresses the applicability of section 627.428 to claims presented to FIGA, stating as follows:
The provisions of s. 627.428 providing for an attorney's fee shall not be applicable to any claim presented to the association under the provisions of this part, except when the association denies by affirmative action, other than delay, a covered claim or a portion thereof.
In this case, FIGA did not wrongfully refuse to pay any policy benefits. The Act obligates FIGA "to the extent of the covered claims existing" before "adjudication of insolvency and arising within 30 days after the determination of insolvency." § 631.57(1)(a)(1)(a). The Act defines a "covered claim" as

an unpaid claim, including one of unearned premiums, which arises out of, and is within the coverage, and not in excess of, the applicable limits of an insurance policy to which this part applies, issued by an insurer, if such insurer becomes an insolvent insurer and the claimant or insured is a resident of this state at the time of the insured event or the property from which the claim arises is permanently located in this state.
§ 631.54(3) (emphasis added).
Section 631.53 provides that the Act is to be liberally construed to effect the purposes stated in section 631.51. Section 631.51(1) states that a purpose of the Act is to "[p]rovide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to *1194 claimants or policyholders because of the insolvency of an insurer." So, although the Act is to be liberally construed, the liberal construction is in the context of covered claims under certain insurance policies.
In Florida Insurance Guaranty Ass'n v. All the Way with Bill Vernay, Inc., 864 So.2d 1126, 1129 (Fla. 2d DCA 2003), this court rejected the insured's argument "that FIGA simply steps into the shoes of the insolvent insurer and is obligated to the same extent as that insurer would be." This court explained that "FIGA is strictly a creature of statute." Id. Thus, "the statutory language defines the extent of FIGA's obligations. FIGA is not responsible for claims against an insurer that do not fall within FIGA's statutory obligations." Id. at 1130.
In addressing the definition of "covered claim" in section 631.54(3), this court stated, "Under the plain language of the statute, to be a covered claim, the claim must both `arise out of' the insurance policy and be `within the coverage of' the insurance policy." Id. This court determined that the insured's breach of contract damages for the insolvent insurer's breach of its duty to defend "arose out of" the insurance policy; however, this court examined the coverage provisions of the policy and determined that those damages were not "within the coverage of" the insurance policy. Id. This court also determined that "because the damages award is not a covered claim as defined, FIGA did not affirmatively deny a covered claim and thus is not responsible for the attorney's fees and costs [the insured] incurred in prosecuting the declaratory judgment action." Id. at 1130-31. In All the Way with Bill Vernay, this court did not specifically address whether a fee award under section 627.428 would itself constitute a covered claim.
Petty argues that this court should follow the Third District's decision in Florida Insurance Guaranty Ass'n v. Soto, 979 So.2d 964 (Fla. 3d DCA 2008). There, after Soto's car was stolen, she sued her insurer and entered into a settlement agreement for the insurer to pay her $25,000 and her attorney's fees and costs, the amount of which the court would later determine. Id. at 965. The insurer paid the $25,000 and became insolvent before the trial court determined the amount of fees. The trial court later awarded $112,801.50 in attorney's fees and costs pursuant to the settlement agreement. Id.
In reaching its conclusion to affirm the award of fees, the Third District stated that a covered claim was "an unpaid claim arising out of and covered by a policy issued by the insolvent insurer." Id. at 966 (citing section 631.54(3), Florida Statutes (2001)). The court pointed out that "automobile insurance policies are subject as a matter of law to the obligation to reimburse an insured for attorney's fees and costs if the insured prevails in a lawsuit for payment of a claim under the policy." Id. The court then recognized that "section 627.428 is an implicit part of all insurance policies of the kind involved here." Id. (citing State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832 (Fla. 1993)). The Third District then concluded that Soto's stipulated but unpaid attorney's fee judgment was a "covered claim" under section 631.54(3). Id.
In our view, the fact that section 627.428 is an implicit part of an insurance policy does not mean that the insured's claim against the insurer for fees and costs is part of the policy's "coverage." As FIGA argues in its reply brief, to rely on the fee statute being "implied in every policy fails to appreciate the distinction between liabilities arising by operation of law and liabilities arising by express contractual *1195 terms.... By linking covered claims to coverage provisions, rather than legal liabilities, the legislature limited FIGA's obligation to the express terms of the policy." Notably, the parties have not pointed to any language in the applicable insurance policy that provides coverage for fees awarded under section 627.428. Thus, we conclude that section 631.54(3) does not impose coverage for fees claimed under section 627.428 when such fees are not within the insurance policy's coverage provisions.
Finally, we observe that the Soto court relied on the purpose of the Act stated in section 631.51(1) "`to avoid financial loss to claimants or policyholders because of the insolvency of an insurer.'" Id. at 967. But the court neglected to include the language at the beginning of section 631.51(1) stating that the purpose is to "[p]rovide a mechanism for the payment of covered claims under certain insurance policies" to avoid delay and financial loss resulting from an insurer's insolvency. (Emphasis added.) By its terms, the Act protects policyholders from loss for covered claims, not all claims.
Therefore, we reverse the award of fees because the award is not a covered claim under the Act, and we certify conflict with Florida Insurance Guaranty Ass'n v. Soto, 979 So.2d 964 (Fla. 3d DCA 2008).
Reversed and conflict certified.
WHATLEY and KELLY, JJ., Concur.